(97 South. 694)

Ex parte SHAW.

SHAW v. TENNESSEE COAL, IRON & R. CO.

(6 Div. 970.)

(Supreme Court of Alabama. Oct. 11, 1923.)

1. Master and servant ☞385(11½)—Compensation for permanent partial loss of vision held not inadequate.

An award of $13 per week to an employee whose weekly wage was $26 for temporary total and permanent partial loss of vision *held* not inadequate under Acts 1919, pp. 212, 214, § 13(c) and page 217, § 13(h), the court having added to the maximum permitted by section 13(c), p. 214, $1 a week according to the provision of section 13(h), p. 217, and the method adopted being favorable to plaintiff.

2. Master and servant ☞412—On review in compensation case court may consider bill of exceptions.

The fact that court's determination as required by Workmen's Compensation Act, § 28, did not contain the statement of the law and facts and conclusions determined by said judge is immaterial where a bill of exceptions reciting all the evidence has been reserved, which

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

may be consulted in reaching a proper conclusion.

**3. Master and servant ⊚═385(1)—Children not legally adopted by compensation claimant not "children" within Compensation Act.**

An award of compensation to an injured employee cannot be increased for dependent adopted children under Workmen's Compensation Act, § 36, defining "children" as those entitled by law to inherit as children of the deceased, where it appears that the children were not adopted in the form of law which would entitle them to inherit from claimant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Child—Children.]

**4. Master and servant ⊚═405(6)—Testimony of experts held to support finding of compensable disability.**

Testimony of medical men as to impairment of compensation claimant's vision *held* to support the finding of the court that defendant should be responsible for only 50 per cent. disability to one eye.

**5. Master and servant ⊚═412 — Finding on evidence in compensation case final.**

Under the statute, if on any reasonable view the evidence will support the conclusion reached in the trial court, the finding and judgment for compensation will not be disturbed.

**6. Master and servant ⊚═420—Attorney's fees not allowable in unnecessary compensation proceedings.**

The court did not err in failing to fix plaintiff's attorney's fees as provided in Workmen's Compensation Act, § 7, where the defendant was willing and ready to pay the amount due the plaintiff, and the proceedings were wholly unnecessary for that purpose.

Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Petition of Will Shaw for certiorari to the circuit court, Jefferson county (Bessemer division), to review the judgment of said court in a proceeding under the Workmen's Compensation Act by Will Shaw against the Tennessee Coal, Iron & Railroad Company. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Writ denied; judgment affirmed.

Edgar E. Garrison, of Birmingham, for appellant.

Compensation for permanent partial loss of vision of both eyes is 50 per cent. of difference between average weekly earnings of the workman at the time of injury and average he is able to earn in injured condition for 300 weeks, with increase for dependents. Acts 1919, pp. 213–215; Zinken v. Melrose Granite Co., 143 Minn. 397, 173 N. W. 857; Chiovitte v. Zenith Fur. Co., 148 Minn. 277, 181 N. W. 643. That loss of vision can be partially corrected by glasses is immaterial. State ex rel. Cas. Co. v. Dist. Court, 133 Minn. 439, 158 N. W. 700; Johannsen v.

Union Iron Wks. (N. J. Err. & App.) 117 Atl. 639. The words "child" or "children," as used in the act, include any child of children bona fide dependent upon the employé. Woodward Ir. Co. v. Bradford, 206 Ala. 447, 90 South. 803; Newark Paving Co. v. Klotz, 85 N. J. Law, 432, 91 Atl. 91; 1 Honnold, W. C. 242; Roberts v. Whaley, 192 Mich. 133, 158 N. W. 209, L. R. A. 1918A, 189. The lower court's failure to fix the attorney's fee and the manner of payment is reversible error. Woodward Ir. Co. v. Bradford, supra. The circuit court's finding must be supported by sufficient competent evidence. Ex parte S. S. S. & I. Co., 207 Ala. 219, 92 South. 458; State ex rel. Niessen v. Dist. Court, 142 Minn. 335, 172 N. W. 133; Acts 1919, p. 227.

Goodwyn & Ross, of Bessemer, and Percy, Benners & Burr, of Birmingham, for appellee.

Where there is any legal evidence to support the finding of the trial court, such finding is conclusive. Ex parte L. & N., 208 Ala. 216, 94 South. 289; Ex parte S. S. S. & I. Co., 207 Ala. 219, 92 South. 458; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Ex parte Smith Lbr. Co., 206 Ala. 485, 90 South. 807. In event facts are not sufficiently set forth in the court's decree, it is not ground for reversal, as the appellate court will review the bill of exceptions. Ex parte L. & N., supra.

SAYRE, J. [1] This is a proceeding by certiorari to review the award of the circuit court in the matter of the petition of Will Shaw for compensation under the Workmen's Compensation Act (Laws 1919, p. 206). Shaw, to whom we will refer as plaintiff, complained of an injury resulting from an accident in which creosote was splashed into his eyes, causing temporary total and permanent partial loss of vision. The trial court found that plaintiff's right eye was 50 per cent. deficient when he entered into the service of defendant, the T. C. I. Company; that both eyes are "now 50 to 85 per cent. deficient without the use of glasses," but with the use of proper glasses plaintiff's "eyesight" is "one-third deficient or two-thirds proficient"; that the left eye is now "bad to some extent," but "that said left eye was in no way affected when plaintiff was discharged from defendant's hospital to resume work"; that plaintiff's average weekly earnings at the time of his injury were $26, and that plaintiff "is entitled to recover 50 per cent., or $13, for 50 weeks, the court holding that 50 per cent. disability to one eye is all that the defendant should be responsible for in this case." The act provides (Acts 1919, § 13 [c], p. 212) that "for the loss of an eye" the workman shall be compensated to the extent of "fifty per centum of the av-

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

erage weekly earnings during one hundred (100) weeks." The case of permanent partial disability of vision, not being specifically provided for, must fall under the following provision of the statute (section 13 [c], p. 214):

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty per centum of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition, subject to a maximum of twelve ($12.00) per week as otherwise provided herein."

It is to be inferred that the trial court found that plaintiff's earning ability at the time of the award was nil, and that to the maximum of $12 a week for 50 weeks, thus ascertained, $1 a week was added according to the provision of section 13 (h), p. 217:

"Thirteen ($13.00) dollars in case of an employee with one totally dependent child under the age of eighteen years at the time of the injury to the employee."

Whatever may be the proper basis for the calculation of compensation in a case like this, as to which see Zinken v. Melrose Granite Co., 143 Minn. 857, 173 N. W. 857, the court committed no error as against plaintiff, for the basis of compensation most favorable to him was adopted, and to that extent, probably, the method was correct.

[2] Plaintiff, appellant, complains that the court's determination filed in writing with the clerk, as required by section 28 of the act, does not "contain a statement of the law and facts and conclusions as determined by said judge," as the act also prescribes. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Greek v. Sloss-Sheffield Co., 207 Ala. 219, 92 South. 458. This criticism of the determination is, we think, well taken; but this deficiency is of no consequence now, since a bill of exceptions reciting all the evidence, has been reserved, and will be consulted in order that the proper conclusion be reached. House v. L. & N. R. Co., 208 Ala. 216, 94 South. 289.

[3] Plaintiff had at the time of his injury one child, and, as has appeared, the dependency of this child was given its proper effect in the way of augmenting the compensation awarded under the act. The evidence showed, moreover, that plaintiff had an adopted daughter about grown, living with him and dependent on him for support, and another child about four years of age whom plaintiff had "adopted" when about six months old, and whom he supported and considered as his own. These two children, as we understand the record, were not adopted in that form of law which would entitle them to inherit from plaintiff. The statute (section 36, p. 237) defines children as including "posthumous children and all other children entitled by law to inherit as children of the deceased, also stepchildren who were members of the family of the deceased at the time of his accident and dependent upon him for support." Plaintiff is not "deceased," but we assume that the definition applies in his case, and, though the act is to be construed liberally in favor of the workman, we apprehend we have not the authority to so extend its definition as to meet the views of the plaintiff.

[4, 5] Plaintiff contends that, on the evidence, the trial court erred in holding "that 50 per cent. disability to one eye [is] all that the defendant should be responsible for in this case." The contention in substance is that the finding as to the extent of the impairment of plaintiff's vision—whether of one eye or both—is based upon the opinion testimony of experts (medical men), and, according to the testimony of plaintiff himself, does the plaintiff injustice as minimizing his injury.

"But, as the statute provides, and as has been said here in effect, if, on any reasonable view of the evidence it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed." Greek v. Sloss-Sheffield, Co., supra.

Several medical men testified as to the impairment of plaintiff's vision. Their opinions are based upon personal examinations of plaintiff and his statements made in response to the tests applied by them for the ascertainment of the facts at a time and under circumstances that excluded every possible motive for misstatement. The depositions of these experts are far from evidencing mere "theories." We do not know what better evidence of the facts could be adduced. The consensus of the expert medical opinions, thus arrived at, supports the finding of the court—more than supports it, because our judgment is, notwithstanding the testimony of plaintiff, the court dealt quite liberally with plaintiff in fixing the extent of his injury. There was, therefore, no error in this respect of which plaintiff can be heard to complain.

[6] Error is charged in that the trial court failed to fix the fee of plaintiff's attorney employed as provided in section 7 of the act. Such payment must come out of the compensation awarded, and the ruling, or lack of ruling, complained of can hardly be held to have prejudiced plaintiff, in whose name this application (appeal by certiorari) is prosecuted; but there was no error. This proceeding for review was not commenced until plaintiff had accepted from defendant in weekly installments the sum of $637, $13 only of the estimate, on which the parties had until then proceeded, remaining unpaid. This balance of $13 was at the time of its answer filed paid by defendant into court for the use of plaintiff, and it is admitted

that defendant was able, ready, and willing to pay this amount. The proceeding, then, was unnecessary, and produced nothing, though the court did render judgment for plaintiff for $13—an order or decree that the amount deposited with the clerk be paid over to plaintiff would have been proper, of course—and did tax defendant with costs. In conclusion, we repeat, there was no error of which plaintiff can complain. Defendant has not appealed.

Writ denied; judgment affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.