By the Court.
 

 Geza Tripsansky died while in the employ of the Theodore Gutscher Company as a sausage stuffer. His widow made claim for compensation, which was denied, and she thereupon appealed to the court of common pleas of Cuyahoga county, where the jury found that the decedent had met his death as a result of injuries received in the course of his employment, and made an award accordingly, and the trial judge awarded the sum of $500 to the claimant’s attorneys for legal services rendered. It was held by the commission, and it is argued in this court, that there was no causal connection between the death of the decedent and his employment. There was no contradiction in the evidence. It was shown that the decedent had been rolling a barrel partly filled with water to a place near the meat stuffer, that after standing up for a few minutes leaning against the machine he sud
 
 *595
 
 denly fell backwards, that on being picked np it was found that Ms head was badly injured, and that he died shortly thereafter.
 

 The place where he was standing was a greasy, slippery brick floor, and he might easily have slipped. "Whether he slipped, or whether the fall and the death were due to bodily ailments, was not clearly shown. That is the question which the jury had to decide, and they evidently believed that he had slipped and that his fatal injuries were traceable to severe injuries in striking his head on the brick floor.
 

 Without intending to recede in the least from the principle which was declared in
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38, that the employment must have some causal connection with the injury, we are of opimon that there was testimony from which' the jury might reasonably infer that the deceased had slipped on the greasy floor. This court will not substitute its judgment for that of the jury in such cases, nor invade its province.
 

 The court awarded an attorney fee of $500. Section 1465-90, Greneral Code, places very definite limitations upon the amount of attorney fees in such cases. It is argued that the judge could not know exactly what the amount of the award would be, and that he should not have fixed the amount of the fee. It is clear, however,1 that the amount of the award in this case would call for the maximum attorney fee, which the court in fact awarded. While it might be better practice for the court to leave the amount indefinite, and to be fixed.by the com
 
 *596
 
 mission, we find no error, since the conrt fixed the correct amount.
 

 The ‘judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Day and Allen, JJ., concur.