## INDUST COMM v POMEROY

Ohio Appeals, 6th Dist, Lucas County

No 2172. Decided Feb 25, 1929

E C Turner, Attorney General, Columbus, and George W Ritter, Toledo, for Commission.

James H Boyd, Toledo, for Pomeroy.

**WILLIAMS, J.**

We think this instruction followed by the finding of the jury for the plaintiff makes it clear that the jury found that the plaintiff was entitled to participate in the fund. Under **Sec. 1465-90** the trial court on appeal in the instant case could properly submit to the jury but one question, —"Was the claimant entitled to participate in the fund?" The finding contained in the verdict as to the allowance of compensation and doctor's bill must be disregarded as surplusage. A certificate of the court in lieu of final judgment was filed in the cause. This certificate recites the return of the verdict and a copy thereof and the overruling of the defendant's motion for a new trial. It also recites that the costs, including attorney fees, are taxed against the defendant. The allowance made for attorneys fees as shown by said certificate was a lump sum of $63.75 and certain percentages. We think as to attorney fees, the only power the court has is to fix the percentages in accordance with the statutory provisions, and the amount to be paid as attorney fees shall be determined by the commission when it fixes the award in accordance with percentages fixed by the trial court. The discretion as to what those percentages shall be is vested in the court of common pleas, subject to the limitations provided in the statutes as to the amount.

We think the final order as embodied in the so called certificate should be reversed and the cause remanded with directions to certify the finding or verdict of the jury to the Industrial Commission in accordance with this opinion, including in such certificate the findings and order of the court as to percentages for determining attorney fees and as to other costs, and excluding from such certificate the part of the verdict that should be disregarded as surplusage, and with further instructions to enter such certificate in the record of judgments.

Lloyd and Richards, JJ, concur.