Jones, J.
 

 The judgment of the Court of Appeals of Lucas county, with which this judgment of the Court of Appeals of Cuyahoga county is certified as being in conflict, was pronounced on February 25, 1929, in the case of
 
 Industrial Commission
 
 v.
 
 Pomeroy,
 
 and reported in 33 Ohio App., 80, 168 N. E., 572. Counsel for plaintiff in error advance several reasons as grounds for reversal of the judgment of the Cuyahoga county court.
 

 The industrial commission disallowed the applicant’s claim because the proof did not show that his injury was received in the course of employment. Plaintiff in error contends that neither the court nor jury had authority to fix the amount of compensation or to inquire into the extent of disability. Before argument the defendant specially requested the court to charge the jury that if they determined the right of plaintiff to recover they should not determine what amount the plaintiff should receive as compensation, nor for what period he should receive it. The court refused to give the special request, and charged the jury that, if they found for the plaintiff, it was within their discretion to determine for what number of weeks it allowed compensation, limited to two-thirds of his earning capacity, but not exceeding $18.75 per week. The question, therefore, succinctly stated, is this: Was it within the province of the court or jury if they found in favor of the plaintiff, to determine the extent of disability or the amount of compensation which the applicant should receive? The lower courts answered that question
 
 *145
 
 in the affirmative. No doubt they would have done otherwise had they known of a later decision of this court upon this subject, reported in a case styled
 
 State, ex rel. Kauffman,
 
 v.
 
 Industrial Commission,
 
 121 Ohio St., 472, 169 N. E., 572. In that case we held unanimously that, under the construction given to Section 1465-90, General Code, the jury is only authorized to find whether the claimant was entitled to participate in the fund; that this was the extent of its authority; and that neither court nor jury had power to determine the amount of compensation. In such cases the procedure provided in Section 1465-90, General Code, is clear and definite. The statute states that, “if the finding of the court or the verdict of the jury is in favor of the claimant’s right to participate * * * the court shall certify such finding or verdict to the industrial commission and the commission shall thereupon order compensation to be paid in the manner provided by this act for the payment of other awards,” etc.
 

 Under the provisions of that section, as we construed them in the
 
 Kauffman case, supra,
 
 error crept into the record when the court authorized the jury to determine, in its discretion, the extent of the disability and the amount of compensation that should be allowed; and the court likewise fell into error when it rendered judgment for compensation covering the period specified in the decree. The determination of those questions is confided to the commission.
 

 The trial court allowed plaintiff’s counsel an attorney fee in the sum of $175, to be taxed as part of the costs. It is claimed that the statute does not authorize the court to fix a definite attorney fee; that
 
 *146
 
 it is authorized only to fix an attorney fee based upon percentages of the award that may be thereafter made by the commission. The language and spirit of the statute support that claim. Manifestly the court cannot fix a definite attorney fee for the reason that it would be unable to ascertain the amount which the commission might thereafter award. In a
 
 per curiam
 
 by this court, in
 
 Industrial Commission
 
 v.
 
 Tripsansky,
 
 119 Ohio St., 594, 165 N. E., 297, it was suggested that the amount of the attorney fee could be fixed by the commission. The language there employed was
 
 obiter.
 
 The section of the statute, 1465-90, G-eneral Code, pertaining to this feature of the case reads as follows: “The cost of any legal proceedings, authorized by this section, including an attorney’s fee to the claimant’s attorney to be fixed by the trial judge, shall be taxed against the unsuccessful party; provided, however, that such attorney fee shall not exceed twenty per cent of any award up to the sum of five hundred dollars, and ten per cent on all amounts in excess thereof, but in no event shall such fee exceed the sum of five hundred dollars. ’ ’
 

 It is clear that this section of the Workmen’s Compensation Law empowers the judge, and not the commission, to fix the attorney fee. Furthermore, it reposes in the judge, and not in the commission, the discretion as to the percentage amounts which the attorney may receive upon any future award. This method is perfectly feasible, and it may not be amiss to state that it has been generally employed by the courts of the state in the past, where the trial court, confirming the verdict of the jury that the plaintiff is entitled to participate in the state insurance fund,
 
 *147
 
 then fixes a reasonable attorney fee for the plaintiff’s attorney, to be taxed against the unsuccessful party; the usual form of journal entry being one allowing the attorney “a sum equal to-per cent. of the first five hundred dollars and-per cent, of any amount in excess of five hundred dollars which may be awarded to the plaintiff by the Industrial Commission of Ohio in connection herewith, but in no event shall any such fee for plaintiff’s attorneys be in excess of five hundred dollars.”
 

 The trial court erred in fixing a definite sum as an attorney fee; the only authority the trial court had, under the Workmen’s Compensation Act, was to follow the method prescribed by the act and fix the percentages that the attorney might receive from any award that might thereafter be made by the commission.
 

 In a series of special requests, the plaintiff in error asked the trial court to give to the jury various rules adopted by the commission, touching the subject of hernia. These rules were neither pleaded nor offered in evidence, but it is argued that judicial notice of the rules could be taken by the trial court. Conceding this contention, we are of opinion that the trial court did not err in refusing to give these rules to the jury. The ultimate question presented to and decided by the jury was whether the plaintiff was entitled to participate in the fund; and the law touching that phase of the case was fully covered by the special requests asked by the defendant below and by the general charge of the court.
 

 Since the general verdict of the jury was in favor of the plaintiff, that portion of its verdict, specifying the amount of weekly compensation due him, and the
 
 *148
 
 period of weekly payments, should have been ignored by the trial court and should not have been incorporated in its entry. The trial court likewise erred in fixing a definite sum in its allowance of an attorney fee to plaintiff’s counsel.
 

 The judgment of the lower courts will be modified, and the cause remanded to the trial court with instructions to enter judgment in accordance with this opinion, and for further proceedings according to law.
 

 Judgment modified and cause remanded.
 

 Marshall, C. J., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.