The principle involved in this case is a very fundamental one. The relators seek the issuance of a writ of mandamus, which is available only to compel the performance of a duty specially enjoined by law.
The respondent contends that the act thus sought to be compelled is not only not enjoined by law, but that it is unauthorized by law, and that the refusal to issue the voucher sought is based upon the want of legal authority so to do, as stated in their entry.
An examination of the statutes governing the Industrial Commission and its action and procedure in the administration of the Workmen's Compensation Fund will determine that question. Under the provisions of Section 1465-90, General Code, upon appeal to the Court of Common Pleas from an adverse finding of the Industrial Commission, the statute directs that, where the finding of the court or verdict of the jury is in favor of claimant's right to participate in the fund, such finding or verdict is to be certified to the Industrial Commission; and thereupon compensation shall be paid in the same manner provided for the payment of other awards. Authority to allow and fix an attorney fee is conferred upon the trial judge. That was done in this case, the entry of the court being in the language of the statute. As disclosed by the statements *Page 215 
of facts, error was prosecuted from the action of the Court of Common Pleas, which was later dismissed; but immediately thereafter, and before any action by the Industrial Commission had been taken pursuant to the finding and order of the Common Pleas Court, claimant died. No award having been made by the commission, there was no basis whatever for the allowance or computation of an attorney fee under the statute.
In the proceeding upon appeal, neither the trial court nor the jury is authorized to determine the extent of the applicant's disability or the amount of compensation which he should receive, the determination of those questions being confided to the commission. Though authorized to fix an attorney fee in favor of claimant's counsel, the authority of the trial judge in that respect is limited to the method and to the percentages set forth in the statute. State, ex rel.Kauffman, v. Industrial Commission, 121 Ohio St. 472,169 N.E. 572; Fisher Body Co. v. Cheflo, 122 Ohio St. 142,171 N.E. 31.
It follows that under the circumstances disclosed by this record, there was no statutory authority to proceed to determine the amount of compensation to be awarded the injured employee, and hence no basis whatever for the determination or award of fees to his attorney. There is no provision whatever in the statute for the payment of fees in such situation. The claim cannot be considered upon any equitable theory. It cannot be awarded unless expressly authorized by law. In the absence of such provision, it cannot be held that the commission has failed in the performance of a legal duty.
The relators have no ground for their application for writ of mandamus on account of the subsequent favorable action of the commission upon the widow's claim for compensation. That is an entirely separate and distinct claim, as held by this court inIndustrial *Page 216 Commission v. Kamrath, 118 Ohio St. 1, 160 N.E. 470; andIndustrial Commission v. Davis, 126 Ohio St. 593,186 N.E. 505, 88 A. L. R., 1175. Under the statute, there is no right to an attorney fee payable from the Workmen's Compensation Fund under the award to the widow, for the reason that such claim was allowed and award made by the commission, and it was before no court for consideration or action. As previously stated, there is no statutory provision covering the situation presented by this record, and therefore no statutory authority for the payment of the attorney fees in question out of the Workmen's Compensation Fund. It follows that the application for a writ of mandamus must be denied.
Writ denied.
WEYGANDT, C.J., STEPHENSON, WILLIAMS, JONES, DAY and ZIMMERMAN, JJ., concur.