DORIS BALATSOS, Widow of Antonio J. Balatsos, WILLIE MAE BURRUS, WILLIAM LEE JOHNSON, FANNIE LASTER, MAMIE NAPPER, BEATRICE PACETTI and FLORIDA INDUSTRIAL COMMISSION, v. NEBRASKA AVENUE CAFE AND LIQUOR STORE, and AMERICAN EMPLOYERS INSURANCE COMPANY.

30 So. (2nd) 633
June 6. 1947
Rehearing Denied June 20, 1947

January Term, 1947
Special Division A

*Morris S. Uman* for Doris Balatsos widow of Antonio J. Balatsos; Millie Mae Burrus, William Lee Johnson, Fannie

Laster, Mamie Napper and Beatrice Pacetti and *Raymond E. Barnes,* for Florida Industrial Commission, appellants.

*Fowler, White, Gillen, Yancey & Humkey,* for appellees.

WILLIAMS, Associated Justice:

The appellants are dissatisfied because the allowances for attorneys' fees, $75.00 in each case, were not assessed against the carrier instead of against the compensation allowed each claimant. Nebraska Avenue Cafe & Liquor Store, Tampa, Florida, was a partnership prior to December 1, 1945. Prior to then it had opened Tangerine Tavern, an amusement establishment, a short distance from Tampa. One of the partners had sent the four appellants and Antonio J. Balatsos, deceased, to Tangerine Tavern to perform duties there. Balatsos was returning from Tangerine Tavern in a motor vehicle with the four appellants and a collision occurred, in which he was killed and the four appellants were badly injured. Claims were filed by their attorneys, with Florida Industrial Commission, December 11, 1945. Election to take compensation was filed by each claimant December 28, 1945. Hearing was had on all claims before a Deputy Commissioner, in Tampa, Florida, January 31, 1946. March 1, 1946, an award was made by said Deputy Commissioner to each appellant and therefrom $75.00 attorneys' fees was allowed to their attorneys on each claim, and said attorneys' fees were made a lien on the compensation. They were dissatisfied, and appealed March 6, 1946, to Florida Industrial Commission, in Tallahassee. April 29, 1946, Florida Industrial Commission referred the matter back to the Deputy Commissioner, at Tampa, to take aditional testimony. He did so, and reported that to the Florida Industrial Commission, at Tallahassee. August 16, 1946, the full Florida Industrial Commission reversed the Deputy Commissioner and held that $75.00 attorneys' fee for each claimant, allowed against the recovery of each claimant, should be allowed against the carrier. This was reversed on appeal to the Circuit Court. The Circuit Judge said in the order of reversal, among other things:

"The carrier, through its attorney, did not contest the right of the several appellants to receive compensation but

frankly admitted liability. The carrier avers that it had difficulty in getting all the facts. While its investigation was being made, however, the injured employees, claimants herein, were receiving their regular salaries, and the surviving widow had the benefit of the loan or advance in excess of her deceased husband's salary for the period between the date of his death and the date of the order of the Commission."

Nowhere in the record does it appear that the carrier denied liability. The differential of time between the notice of the claim and the first hearing was being used by the carrier to make needful investigations of each claim. The details about the investigations are stated by the attorney for appellees in the record of the hearing before the Deputy Commissioner, January 31, 1946. The question is: Should the attorneys' fees, under the circumstances, be assessed against the carrier under Section 440.34, F. S. 1941 (same F.S.A.)? We feel that a carrier has a reasonable time to investigate a claim; no penalty should be imposed on the carrier for reasonably investigating a claim; the time for such investigation must always be relevant. The carrier has never denied liability nor declined payment. The burden to establish attorneys' fees is always on the claimant. Brett v. The First National Bank of Marianna, 97 Fla. 284, 120 So. 554; Renno v. Sigmon, 148 Fla. 229, 4 So. (2nd) 11. The appellants have not carried this burden. Under the circumstances disclosed by the record the Circuit Judge was correct in not assessing the attorneys' fees against the carrier. See Ex parte Shaw, Shaw v. Tennessee Coal, Iron & R. Co., 210 Ala. 185, 97 So. 694; Redfern v. Safeway Stores, Inc., 145 Neb. 288, 16 N. W. (2) 196; Wilson v. Brown-McDonald Co., 134 Neb. 211, 278 N. W. 254, 116 A. L. R. 702. State ex rel. Gordon v. Industrial Commission, 129 Ohio St. 212, 194 N.E. 418, Workmen's Comp. Law, Schneider (2nd Ed.) 2119, Sec. 573; McMurray v. Peabody Coal Co., 118 N. E. 29, 1 Workmen's compensation Law Journal 324, 17 N. C. C. A. 1061.

Finding no error in the judgment appealed from, the same is hereby affirmed.

BUFORD, Acting Chief Justice, CHAPMAN and ADAMS, JJ., concur.