Per Curiam.

Defendant concedes that there existed a direct and proximate causal relationship between the injury and death and that the injury was received in the course of employment. Defendant contends, however, that the accidental injury did not arise out of decedent’s employment, that the evidence on that issue was insufficient to present a jury question, and that therefore the trial court properly directed a verdict.for the defendant. With that contention, this court is in accord.
The record contains no evidence showing a circumstance of activity, condition, or environ *619 ment of employment creating a hazard of employment greater than that to which the general public was exposed. Plaintiff’s expert witness, when questioned as to the smoothness or slippery quality of the tile floor, stated, “well ordinarily, if it were dry, there would be very little chance of sliding.” Decedent’s fail was unexplained. The record contains no evidence of any fact or circumstance which might have caused him to fall. The fact that the floors of the lobby and the elevator cab were dry clearly distinguishes the instant case from that of Industrial Commission v. Tripsansky, 119 Ohio St., 594, 165 N. E., 297, relied upon by plaintiff. In that case the workman, after roiling a barrel partly filled with water, stood up for a few minutes and suddenly fell backwards, injuring his head. The court, in its per curiam opinion, stated:
“The place where he was standing was a greasy, slippery brick floor, and he might easily have slipped. Whether he slipped, or whether the fall and the death were due to bodily ailments, was not clearly shown. That is the question which the jury had to decide # # >*
“Without intending to recede in the least from the principle which was declared in Industrial Commission v. Weigandt, 102 Ohio St., 1, 130 N. E., 38, that the employment must have some causal connection with the injury, we are of opinion that there was testimony from which the jury might reasonably infer that the deceased had slipped on the greasy floor. This court will not substitute its judgment for that of the jury in such cases, nor invade its province.” (Emphasis supplied.)
The factual situation in the instant case falls within the rule expressed in the case of Eggers v. Industrial Commission, 157 Ohio St., 70, 104 N. E. (2d), 681. The mere fact that in the instant case the record discloses the character of the work performed by de *620 cedent and the place where he was standing when he fell does not take the case out of the operation of that rule.
Plaintiff has failed to produce evidence of a causal relation between the employment and the injury sufficient to justify a submission of the issue to the jury.
The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.