THORNAL, Justice.
By petition for certiorari the petitioner, Paul Smith Construction Company seeks review of an order of the Florida Industrial Commission affirming an order of a deputy commissioner awarding attorney’s fees to the respondent, Ford, who was the employee-claimant.
The only point to determine is the correctness of the award of attorney’s fees under Florida Statutes, § 440.34, F.S.A.
The facts are not in dispute. Claimant Ford was injured on November 17, 1954, in an accident arising out of and in the course of his employment by Paul Smith Construction Company. Without dispute the employer provided medical aid and paid compensation for temporary total disability up to and including November 1, 1955. On that date claimant was discharged by his doctor and returned to work. Admittedly he performed only “light work” as contrasted to his previous type of work. The employer immediately began paying to him the same salary that he was paid prior to his injury. The employee was last seen by his attending physician on December 2, 1955.
On December 7, 1955, the employer through its servicing organization requested the attending physician either to send in a final report or advise whether the employee had suffered any permanent partial disability. Under date of December 16, 1955, the physician submitted a written report to the effect that employee Ford would suffer a permanent twenty percent partial disability of his leg. On December 20, 1955, the employee through his attorney filed with the Florida Industrial Commission a claim for compensation for disability to the extent of twenty percent of the body as a whole. On December 27, 1955, the attending physician filed his final report certifying the twenty percent permanent partial disability of the left leg. On December 29, 1955, the employer without further dispute started the payment of compensation for the permanent *737 partial disability shown to exist. This was accepted by the employee as proper compensation in view of the findings of his attending physician. In the meantime the full salary had been paid.
The employer which was a self-insurer at no time denied or declined to pay the claim. Out of this situation the employee claimed a fee for his attorney for services in connection with the filing of the claim under date of December 20, 1955. The deputy commissioner allowed the fee and ordered it paid by the employer. On appeal the full Commission affirmed this order and allowed an additional fee for services there. Review of this order is now sought.
It is the contention of the petitioner that payment of the claim was never declined; that it had restored the employee to full pay on a “light work” basis; that the investigation was within reason to determine the extent of its ultimate responsibility and that it actually admitted its responsibility and started payments within nine days after the claim was filed.
It is contended by the respondents that that the employer had notice of the injury and that even though the extent of permanent disability was not determined until late in December, the employer was charged with notice of the disability when it restored the employee to the payroll on November 2. They then concluded that failure to begin payment until December 29 justified the imposition of the attorney’s fee penalty.
We are thoroughly cognizant of the beneficent objectives of Workmen’s Compensation Acts. We recognize that one of the motivating inducements to the enactment of this legislation is to relieve society of the burdens of caring for injured workmen and to place the responsibility on the industry served. We do not feel, however, that the liberal construction to be placed upon the Act justifies expanding it to the point where it becomes unreasonably burdensome to industry or actually stultifies the accomplishment of its objectives. Flor-ida Statutes, § 440.34, F.S.A., governs the allowance of attorneys’ fees in Workmen’s Compensation cases. Under that section if the employer files notice of intention to controvert a claim or declines to pay a claim on or before the twenty-first day after it has notice thereof or unsuccessfully resists payment of compensation and it is necessary for the employee to employ an attorney, then the allowance of a reasonable attorney’s fee in addition to the compensation award is authorized. However, the mere filing of a claim does not in and of itself justify such an award. If, within the period allowed after the claim is filed, the employer or carrier recognizes the compensable nature of the claim and begins payment then the award of an attorney’s fee is not justified. Actually, that is what happened in the instant case.
While it is true that compensation payments eo nominee were temporarily suspended on November 2, 1955, to enable the employer to have a reasonable time in which to ascertain the physical condition of the claimant, the fact remains that the employee was restored to the payroll on a full salary basis but with the privilege of doing relatively light work. In Townsley v. Miami Roofing & Sheet Metal Co., Fla.1955, 79 So.2d 785, 788, we held that payment of the full salary under such circumstances was the equivalent of “ ‘payment of compensation’ ” within the meaning of the Workmen’s Compensation law. We there held that such salary payments could be regarded by the employee as payment of compensation to the extent that so long as the salary was paid, it postponed the necessity of filing a claim otherwise required by the Act. This rule in and of itself would preclude the allowance of an attorney’s fee under the circumstances here present. This is so for the reason that under the rule so long as the full salary was being paid for reduced work consistent with the physical condition of the employee, it was tantamount to the payment of compensation under the Act.
Perhaps a stronger precedent to support the position of the petitioner is Balatsos v. *738 Nebraska Ave. Cafe & Liquor Store, 159 Fla. 71, 30 So.2d 633. We there held that where the insurance carrier ¡did not deny liability but used the time between the notice of claim and the first hearing to make neédful investigations of the claim, and in the meantime the employer' paid to the claimants the full amount of the injured employee’s salary, then the award of an attorney’s fee against the carrier was , not justified. We there further held that the employer or carrier should have a reasonable time within which to investigate the claim. Logically 'that is the reason why the statute itself provides a period of twenty-one days within which the employer is permitted either to dispute the claim or admit it. If during that period he admits the claim and begins compensation, he is not subject to the penalty of having to pay an attorney’s fee.
We think this record reveals that the self-insuring employer did nothing more than was fair and reasonable under the circumstances and well within the provisions of the Workmen’s Compensation Act, F.S. A. § 440.01 et seq. With an admirable degree of frankness, the attorney for the employee by his'letter making' claim for compensation conceded that he had “no quarrel with the captioned employer (who appears to have adopted a very humanitarian policy toward disabled employees) * * *” This concession at least suggests that the petitioner here has adequately grasped the real purpose and significance of Workmen’s Compensation legislation. The inference is likewise justifiable that the record certainly suggests no refusal to meet the obligations imposed by the Act.
The Industrial Commission relies on our opinion in Great American Indemnity Co. v. Williams, Fla.1956, 85 So.2d 619, to support the award of the fee in the instant case. We do not feel that the cited case is a precedent for the order here under attack. In the Williams case while the carrier stated that it did not dispute liability, the fact remained that the course of conduct followed by the carrier was tantamount to a declination to pay until the conclusion of a full adversary hearing by the Industrial Commission.
It is interesting to note that the opinion of the Industrial Commission in the Williams case is reported in 7 Fia.Supp. 128. On page 133 of that volume Balatsos v. Nebraska Ave. Cafe & Liquor Store, supra, was discussed and distinguished. In its opinion in the Williams case, the Industrial Commission distinguished our Balatsos opinion on the basis of the showing that in the latter case the carrier was not only in the process of investigating the claim but as a matter of fact, pending the investigation, the equivalent of the salary of the deceased employee was paid to the surviving widow. The element in the Balatsos case which distinguished it from the Williams case is the very element which justifies applying the rule .of the Balatsos case rather than the Williams case to the situation in the matter before us.
We therefore conclude that it was error as a matter of law to allow the attorney’s fee against the employer both before the deputy commissioner and the full Commission.
The prayer of the petition for certiorari is granted, the order of the full Commission is quashed, and the cause is remanded to the deputy commissioner with directions to dismiss the claim for attorney’s fees and enter an order in favor of the petitioner.
TERRELL, C. J., and HOBSON, .ROBERTS, DREW and O’CONNELL, JJ., concur.
THOMAS, J., dissents.