DREW, E. HARRIS, Associate Judge.
The respondent Godbey received a com-pensable injury October 30, 1954. From that date until June 23, 1957, the employer paid benefits to the claimant on the basis of 100% temporary total disability. On August 13, 1957, the employee, through his attorney, filed a claim with the commission for “medical transportation, temporary total compensation and partial compensation to date.” On August 27, 1957, the employer paid the claim for temporary total benefits from June 23 to that date and continued the payment thereafter until the time hereinafter referred to. The question of the payment of the other item in the claim was left for later disposition.
At a hearing before the deputy commissioner on November 22, 1957, the employer advised the commission and the claimants that, as of November 4, 1957, they had commenced payment for 35% permanent partial disability of the body as a whole (in lieu *612 of the 100% formerly being paid), whereupon the claimant then and there amended his claim of August 13, 1957, heretofore mentioned, to claim compensation for permanent total benefits. Within 21 days thereafter the claimant was advised by the employer that they had changed the rating from 35% permanent partial to permanent total disability.
The sole issue, therefore, at the final hearing before the deputy commissioner was whether claimant’s attorney was entitled to a fee for his services, using as one factor in arriving at the reasonableness thereof the ultimate change in the rating from 35% to total permanent disability. The deputy held that he was, and the full commission affirmed. The correctness of the latter order is here for review.
The applicable statute, F.S. § 440.34(1), F.S.A., does not authorize an award of attorney’s fees when the employer pays a claim within 21 days after notice of the same. The reason for such rule is obvious and has been elaborated on by the Supreme Court on other occasions.[1] No useful purpose would be served by treating the subject any further here. The deputy was in error, therefore, when he calculated the amount of the fee on the basis of this item, and the full commission erred when it affirmed that ruling.
Having eliminated this item from the claim of August 13th we now revert to the original. It is on the basis of a “successful” prosecution[2] of this claim that an award may be properly made of attorney’s fees. The record, however, does not show that the items in this claim, other than the voluntary payment of past due compensation, have been adjudicated. Therefore, there is no basis for an award of attorney’s fees at this time.
Certiorari is granted, and the order of the full commission is quashed with directions to vacate the order of the deputy commissioner of August 13th, and for further proceedings consistent with these views and the applicable provisions of the Workmen’s Compensation Act.
CARROLL, CHAS., C. J., and HORTON, J., concur.

. Balatsos v. Nebraska Avenue Cafe & Liquor Store, 159 Fla. 71, 30 So.2d 633, 634; Paul Smith Construction Company v. Florida Industrial Commission, Fla., 93 So.2d 735.

. The language of F.S. § 440.34(1), F.S.A.