144 So.2d 799 (1962)
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Petitioner,
v.
David SCHIFFMAN and Florida Industrial Commission, Respondents.
No. 31556.
Supreme Court of Florida.
September 14, 1962.
*800 Joseph A. Wanick and Milton Robbins, Miami Beach, for petitioner.
Steve M. Watkins of Truett & Watkins, Burnis T. Coleman and Patrick H. Mears, Tallahassee, for respondents.
O'CONNELL, Justice.
This cause was previously before this Court on motion by the respondent, the claimant David Schiffman, to quash the petition for writ of certiorari filed by his employer, the City of Miami Beach, in these workmen's compensation proceedings to review the order of the Industrial Commission. We granted the motion and on June 6, 1962 our order issued dismissing the petition. No opinion was written.
Petition for rehearing has now been filed by the petitioner, the City of Miami Beach. We find that the petition warrants consideration and that an opinion is in order.
Claimant suffered a compensable injury to his right wrist on February 23, 1958, for which his employer, hereinafter referred to as the City, paid compensation during temporary disability and furnished medical attention.
On June 17, 1960, the City's physician examined claimant and concluded he had a permanent partial disability of 5% to his wrist.
Claimant, upon being informed of the rating assigned by the City's physician, expressed dissatisfaction with the rating, whereupon the City sent him to a second physician for a rating. This doctor, an orthopedist, also rated the disability at 5% subsequent to his examination on August 9, 1960.
Claimant again expressed his dissatisfaction, but was told the 5% rating was the only basis on which the City would compensate him.
Claimant obtained an attorney, who filed a claim for him on August 19, 1960. This *801 claim did not state the degree of disability which claimant thought was applicable but actually was for "determination of percentage of permanent partial disability," together with attorneys' fees, determination of maximum medical recovery, and further remedial treatment.
In effect the claim was for a rating in excess of 5%, for when the claim was filed it was manifest to both parties that the rating upon which compensation would otherwise be paid was a 5% disability to the wrist. We shall give such effect to the claim.
The City, as it had indicated it would prior to the filing of the claim, paid compensation on the basis of the 5% rating on September 8, 1960, a time within 21 days from the date of the claim.
On several occasions thereafter claimant's attorney contacted counsel for the City and requested either that the City increase the disability rating or at least send claimant to a physician of the City's choice for a re-evaluation of the degree of permanent partial disability.
These requests were refused and claimant's counsel was informed that if claimant were to go to a doctor of his own choosing and such doctor gave him a higher rating, the City would then decide whether or not it would accept the increased rating and assume the obligation of paying for the examination. Claimant's counsel was further informed that no doubt claimant could find many doctors who would give him a higher rating, but the City would not necessarily be convinced it should pay on the basis of such increased rating.
Claimant was examined by a physician of his own choice on October 19, 1960. This doctor reported to claimant's counsel on December 3, 1960 that the proper rating was 17%. On January 17, 1961 the report was sent to the City, together with the doctor's bill for his examination. Within 21 days thereafter, without further ado, the City paid the doctor's bill and paid claimant compensation in accordance with the increased rating.
On February 15, 1961 the Industrial Commission received a request for a hearing made by claimant's attorney, the reason therefor being the refusal of the City to pay claimant's attorney's fee.
A hearing was held thereon and the deputy ordered that the claim for an attorney's fee was granted "for the reason that the employer * * * paid the employee's claim for an increased permanent disability after the expiration of 21 days from the date of filing" of the claim for compensation. He ordered payment of a $250.00 fee.
Upon review, the full commission affirmed and ordered the payment of a further $325.00 attorney's fee for the services rendered the claimant on the review.
The City then filed its petition for writ of certiorari with this Court to review the order of the commission. Questions raised therein were whether an award of attorneys' fees was improper in the absence of an award benefiting the claimant; whether the commission had authority upon its review to award a further fee; and whether the additional fee awarded was excessive.
To this petition the respondent-claimant filed his motion to quash. The motion was predicated upon the argument it was clear that an attorney's fee should be allowed under Section 440.34(1), F.S.A. because the City had failed to pay the claim within 21 days after it was made, and that the petition was therefore without merit.
As has been noted, this Court entered its order granting the motion and quashing the petition for writ of certiorari.
In its petition for rehearing directed to this order, the City argues that the effect thereof was to grant an attorney's fee in these workmen's compensation proceedings despite the absence of an award of any other benefits for the claimant, contrary to our decision in Virginian, Inc. v. Ponder, Fla. 1954, 72 So.2d 781, as clarified in Ringling *802 Bros.-Barnum & Bailey Combined Shows, Inc. v. Jones, Fla. 1961, 134 So.2d 244.
In Virginian, 72 So.2d 781, supra, at p. 783, we said "an award of compensation shall be a prerequisite to an award of attorney's fees."
At approximately the same time this Court rendered its decision in Virginian, it released its opinion in Lockett v. Smith, Fla. 1954, 72 So.2d 817. It seems manifest from that opinion that this Court was of the view that an award of compensation was a prerequisite to an award of an attorney's fee. It was questioned whether the deputy's award had been one of compensation or of a penalty. This Court in holding that it was an award of "compensation" in effect ruled no award of an attorney's fee was warranted unless the award be taken as one for "compensation." Actually, it held that the award warranted a further award of attorneys' fees even though it was an award of a penalty rather than one for disability compensation.
Subsequently, this Court has further broadened its construction of the word "compensation" as related to the statute, Section 440.34(1).
In Ringling Bros., 134 So.2d 244, supra, "compensation" was construed to include the payment of medical benefits. We concluded that an award of attorneys' fees was proper when there had been an award benefiting the claimant. Our position therein is substantiated by the statute, Section 440.34(1), which reads as follows:
"(1) If the employer or carrier shall file notice of controversy as provided in § 440.20 * * *, or shall decline to pay a claim on or before the twenty-first day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation be awarded reasonable attorneys fee, to be approved by the commission * * *." (Emphasis added.)
In Virginian, it would appear, this Court's opinion turned upon that portion of the statute which reads, "* * * there shall, in addition to the award for compensation be awarded reasonable attorneys fee * * *." (Emphasis ours.)
The views expressed in Ringling Bros. are more recent and more fully reflect the intent and purposes of the Workmen's Compensation Act.
We have on numerous occasions discussed the purpose of the Act and stated our reasons for interpreting it liberally in favor of claimants thereunder.
A liberal, reasonable and logical construction will not permit a holding which denied award of attorneys' fees to a claimant under the facts of this case. Where it is shown that the employer did not, within 21 days of the filing of the claim, voluntarily pay the benefits which it ultimately voluntarily agreed to pay; claimant obtained the services of an attorney; and that the services of the attorney were related to and necessary in obtaining benefits or increased benefits for the claimant, he ought to receive an award for such fees. Otherwise, an employer could always initially controvert a claim but then before the entry of an order for compensation settle the claim or pay claimant what he sought, without being responsible for fees for services of the claimant's attorney rendered to that point.
In the case before us, if the Deputy had taken note of the voluntary payment of increased benefits and merely ordered that compensation be paid on that basis, then his order would have been transformed into an order awarding benefits and no question could have been raised as to the award of the fees. Under the facts of this case, the Deputy's failure to include that otherwise *803 unnecessary provision in his order should not be allowed to defeat an otherwise valid claim for attorneys' fees.
The statute provides for an award of attorneys' fees where the claimant is successful, i.e., where the employer "shall otherwise resist unsuccessfully the payment of compensation," subject however to the limitations noted below.
In Ringling Bros., 134 So.2d 244, supra, we used language, at page 246, which taken out of context would give substantial support to the above conclusion. Therein we said, "so we can find no reason in law or logic for holding that an award of compensation is prerequisite to an award of attorneys' fees." However, it must be admitted that the above language is misleading, standing alone, for in that case there had been an award benefiting the claimant.
This Court set aside an award of attorneys' fees in Southeastern Telephone Co. v. Blount, Fla. 1960, 124 So.2d 706, where there had been no award of other benefits made to the claimant. However, it is patent that the reason therefor was the fact there had been no claim filed. It is interesting to note, as revealed by the record on file with this Court, that the commission construed Virginian to mean only that the claim for an attorney's fee was premature, since the compensability of the claim had not yet been determined. The commission said the words "an award of compensation shall be a prerequisite" must be viewed in the light of the facts of that specific case.
Our conclusion that in workmen's compensation proceedings an award of attorneys' fees may be warranted even in the absence of an award benefiting the claimant is in keeping with our comments in Lockett v. Smith, 72 So.2d 817, supra, at p. 819, as follows:
"One obvious purpose of Section 440.20, and especially subsections (5) and (6) thereof, is to protect the claimant against unnecessary delay in receiving his money. Petitioner contends, and we agree, that many if not most people receiving workmen's compensation benefits are interested in promptness and regularity as well as in adequacy of payment, since the money is to be put to immediate use in defraying current operating expenses. If payment is delayed, money may have to be borrowed, at interest. Thus the primary and most useful social purpose of the twenty percent delinquency payment is to reimburse or compensate the claimant for any injury he may have suffered as a result of the delinquency. The amount recovered will generally be so small, however, being only twenty percent of the amount actually in arrears * * * that if the claimant must make his own arrangements for counsel fees, as respondent contends that he should, the statutory purpose will be thwarted. Moreover, delinquency will ordinarily imply disinclination or reluctance to pay, or at least to pay promptly, which might well cause the claimant to retain counsel at this stage, or to call again upon counsel already retained, to enforce his rights. He should not be impeded by the thought of counsel fees which may render the enterprise an empty gesture so far as he is concerned. The salutary purpose of Section 440.34(1), which is one of the few provisions of its kind in the United States, should not be nullified by restrictive interpretation. If doubt exists, it will be resolved in favor of the working man. * * *" (Emphasis supplied.)
Thus, we hereby clarify any inference to the contrary in Virginian, 72 So.2d 781, supra. When our opinion was rendered therein, obviously, the situation facing us in the instant case was not contemplated. An award of attorneys' fees is proper in workmen's compensation proceedings where the services of the attorney *804 were needed to defeat the employer's resistance, of more than 21 days duration after the filing of the claim, to payment of benefits even in the absence of an order by a deputy commissioner awarding benefits to the claimant.
Despite the liberal construction we give to the statutory provision concerning attorneys' fees in workmen's compensation proceedings (contrary to the usual construction given to statutory provisions changing the common law), we have consistently placed on the claimant the burden of establishing justification for an award of attorneys' fees. Florida Silica Sand Co. v. Parker, Fla. 1960, 118 So.2d 2. No attorney's fee is assertable against the employer for the performance of the simple act of filing a claim for the employee. A.B. Taff & Sons v. Clark, Fla. 1959, 110 So.2d 428; Paul Smith Construction Co. v. Florida Ind. Comm., Fla. 1957, 93 So.2d 735.
In this case it is true that the services of an attorney were not needed as far as the claimant's obtaining of compensation for the 5% rating. The City had already accepted the injury as compensable and agreed to pay compensation. To that extent, it was unnecessary for the claimant to file a claim. However, the City had already indicated that based on the medical opinions it then had it would not pay a higher rating; it further indicated it would not send the claimant to another physician for additional examination and even if claimant were to obtain a higher rating from his own physician the City probably would not give credence to such rating. Thus, it was reasonably necessary for the claimant to obtain the advice and services of counsel to defeat this clearly delineated resistance on the part of the City.
The fact that the City upon receipt of claimant's doctor's report abandoned its resistance and almost immediately paid compensation benefits to the claimant based thereon does not remove its liability for attorneys' fees. The City unsuccessfully resisted the payment of the claim for additional benefits beyond the 21-day period specified in the statute, Section 440.34(1).
The City argued that it paid benefits to the claimant within 21 days after the filing of the claim and paid the additional compensation within 21 days after being notified by claimant's physician of the increase in rating of disability to the wrist.
In Great American Indemnity Co. v. Williams, Fla. 1956, 85 So.2d 619, we held that an employer could not escape liability for attorneys' fees merely by saying it was willing to pay the claim for death benefits under the act, but then, even in good faith, failing to pay (within the 21 days) while waiting for the results of an investigation as to whom such payments should be made.
We are of the view our holding in that case compels the conclusion that in the instant case the City's conduct was not such as to excuse it from its liability for claimant's attorney's fee.
Due to the language used in A.B. Taff & Sons v. Clark, 110 So.2d 428, supra, it would appear that therein this Court rejected the contention that if an employer refused to recognize the compensability of a claim and thus forced the claimant to file a claim, the statute nevertheless permitted the employer to pay the claim within 21 days after it was filed and thereby avoid liability for attorneys' fees. In Carillon Hotel v. Rodriquez, Fla. 1960, 124 So.2d 3, this Court in its opinion denying the petition for rehearing clarified the Taff decision, explaining that therein this Court did not reject but accepted the stated contention.
In Carillon, the claimant, on petition for rehearing, apparently took the position he was entitled to attorneys' fees despite the fact compensation payments were paid within 21 days of the filing of his claim since the employer's prior refusal to pay benefits to him necessitated his employing *805 counsel to obtain such benefits. In support thereof he referred to our statements in Taff.
This Court ruled, as it was compelled to do by the provisions of Section 440.34(1), that since the compensation was paid within 21 days of the filing of the claim the employer was not responsible for the attorneys' fees. In the instant case the increased compensation was not paid within 21 days of the claim.
Thus, it must be concluded that the Act does not protect a claimant as far as attorneys' fees are concerned in those cases such as Carillon, where compensation is not paid within 21 days after notice of the injury but is so paid after the filing of the proper claim by an attorney the claimant has been compelled to employ. But the Act as a whole is so designed as to facilitate a claimant's prosecuting his own claim without the necessity of any assistance from an attorney. The Act does not guarantee that a claimant will be paid within 21 days of the employer's notice of the injury or of the filing of the claim; it does not even guarantee that if the employer does not do so, it shall be penalized by being assessed with attorneys' fees. The Act does provide that if the employer does not pay the claim made within 21 days after the filing of the claim and the claimant has been compelled out of necessity to engage the services of an attorney, and such services have resulted in the claimant's being paid compensation benefits, the employer shall bear the cost of those legal services.
It is true that the claimant has the burden of proving the extent of his disability. After he filed his claim in this case the burden was on him to proceed with the diligent prosecution of that claim. Rule No. 3, Florida Industrial Commission Rules of Procedure. Here, he did not even request a hearing when he filed his claim and it would appear the City was entitled to do nothing further at that point.
To avoid the liability of attorneys' fees, however, the employer in this case should have made some effort towards establishing a rating to which both could agree so that it could pay compensation based thereon within 21 days after the claim was filed. Or, it should have cooperated to such an extent as to make the services of an attorney for the claimant entirely unnecessary. Apparently it did not do so.
Accordingly, the award of an attorney's fee being proper, and the amount thereof reasonable, our decision heretofore reached to grant claimant's motion to dismiss the petition for certiorari is adhered to and the petition for rehearing is hereby denied.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS and THORNAL, JJ., concur.