164 So.2d 13 (1964)
Tommy Isaac THOMPSON, Petitioner,
v.
W.T. EDWARDS TUBERCULOSIS HOSPITAL and Florida Industrial Commission, Respondents.
No. 33193.
Supreme Court of Florida.
May 13, 1964.
Steve M. Watkins and Truett & Watkins, Tallahassee, for petitioner.
James W. Kynes, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for W.T. Edwards Tuberculosis Hospital; Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for Florida Industrial Commission, respondents.
THORNAL, Justice.
By a petition for a writ of certiorari we are requested to review an order of the Florida Industrial Commission affirming an order of a deputy commissioner by which he denied a fee to the attorney for the petitioner.
We must determine whether, under the facts, the petitioner was entitled to the allowance of an attorney's fee in a workmen's compensation matter.
Petitioner Thompson suffered a compensable industrial injury on August 27, 1962. He was paid temporary total disability benefits until December 17, 1962. On that date the treating physician authorized his return to work. On January 7, 1963, a report of the doctor suggested that the claimant return to regular work. By this report, however, the doctor advised that "a permanent partial disability determination will be deferred for the present." On January 30, 1963, the petitioner, through his attorney, filed a claim and an application for a hearing to ascertain the date of maximum medical improvement. By his claim he also sought permanent partial disability benefits and attorney's fees. On February 1, 1963, the claimant was discharged by the *14 respondent Hospital, allegedly for refusal to accept work commensurate with his physical capacity. On February 18, 1963, the respondent Hospital filed its notice to controvert. By the notice it denied further temporary payments because the claimant refused "employment suitable to his capacity." The employer also stated that it "does not wish to controvert settlement on a permanent basis at this time pending date of maximum recovery of claimant." A hearing originally scheduled for March 28, 1963, was postponed to April 15, 1963. At the hearing before the deputy, the employer produced a report from the treating physician dated April 11, 1963, in which the doctor indicated that maximum medical improvement had been accomplished by December 20, 1962. The doctor also stated that the claimant "has a 20% permanent partial disability of the foot * * *" Thereupon, the parties stipulated that maximum improvement was reached on December 20, 1962, and in accord with the doctor's findings they agreed to a 20% permanent partial disability. The sole remaining issue was claimant's entitlement to an attorney's fee. This the deputy denied because he had the view that the services of the attorney were neither necessary nor related to the benefits received. On review the Full Commission affirmed the deputy.
The petitioner now claims here that he needed the services of his attorney to present his claim before the Commission and to bring it to a satisfactory conclusion.
The respondent Hospital contends that since it recognized responsibility for a permanent partial disability, it was merely awaiting the findings of the doctor as to the extent thereof.
Section 440.34(1), Florida Statutes, F.S.A., authorizes the award of a reasonable attorney's fee to a compensation claimant when the employer files a notice of controversy, or declines to pay a claim on or before the twenty-first day after notice, or when the employer otherwise resists payment unsuccessfully. The payment of the fee is, of course, contingent upon the claimant having employed an attorney for the successful prosecution of his claim.
It is conceded that the employer did file a notice to controvert within the twenty-one day period and that it did not pay benefits within this time. It is also conceded that the claimant employed an attorney and used his services. The respondent resists the payment of an attorney's fee with its contention that the services of the attorney were not necessary and were not related to the benefits received. The respondent apparently relies upon the fact that the extent of permanent partial disability was ultimately concluded by stipulation. We do not consider this fact sufficient to justify the denial of a reasonable fee to the claimant's attorney. There is no suggestion in the record that the claim was not filed bona fidely. Actually, twenty-three days elapsed between the doctor's report reserving his judgment on the extent of disability and the date when the claim was filed. Subsequent to the filing of the claim the employee was discharged, a notice to controvert was filed and there was no determination of the extent of his disability until seventy-three days later. The employee was without benefits contemplated by the Workmen's Compensation Act until some one-hundred-twelve days after the date of his maximum medical improvement.
The Full Commission affirmed the denial of the fee on the authority of Paul Smith Construction Co. v. Florida Industrial Commission, Fla., 93 So.2d 735, and Balatsos v. Nebraska Ave. Cafe and Liquor Store, 159 Fla. 71, 30 So.2d 633. The petitioner seeks reversal of the Full Commission order on the authority of Great American Indemnity Company v. Williams, Fla., 85 So.2d 619, and City of Miami Beach v. Schiffman, Fla., 144 So.2d 799.
The four cited cases present a comprehensive statement of our views regarding Section 440.34(1) supra, and little could be accomplished by further elaboration. We *15 agree with the petitioner that the instant situation is governed by the Williams and Schiffman decisions, rather than by Paul Smith and Balatsos. The fact that the respondent Hospital conceded that it had a responsibility for some permanent partial disability was not a concession that it was obligated for the particular disability ultimately agreed upon. As we emphasized in Williams, the expression of a willingness to pay compensation is not a commitment to pay a particular claim. When the Hospital filed its notice to controvert it expressly withheld any agreement regarding the extent of permanent partial disability. The record before the deputy commissioner generated a bona fide issue regarding the extent of the claimant's permanent disability. The fact that it ultimately developed that the doctor's findings were acceptable to both parties, would not preclude the recovery of an attorney's fee. City of Miami Beach v. Schiffman, supra. The claimant here waited a reasonable time after the report of the doctor on January 7, 1963. He then filed his claim. Actually, he was not bound to wait. The employer had an additional twenty-one days within which to ascertain the extent of the employee's disability if it had been of a mind to do so. City of Miami Beach v. Schiffman, supra. Instead, it controverted the claim and waited the results. The instant situation is analogous to Williams in that the hearing was occasioned by the employer's desire to determine an ultimate fact before conceding liability for the particular claim.
Paul Smith and Balatsos are distinguishable. In these cases the employer carried the injured employee on the payroll until liability was ultimately determined. In the instant case the employee was discharged the day after he filed the claim and no effort was made to pay his salary or any disability allowance pending the ultimate decision on extent of disability.
Our conclusion harmonizes with the philosophy of workmen's compensation to the end that an employee shall receive the benefits to which he is entitled with reasonable promptness, consistent with the employer's right to make a reasonable investigation regarding his liability. On the basis of the agreed record, we must conclude that the petitioner needed the services of an attorney and that such services were related to and reasonably necessary to the accomplishment of the ultimate results. The order of the Full Commission is quashed with directions to award to the claimant's attorney a reasonable fee for his services before that body and thereafter to remand the matter to the deputy commissioner with directions to award to the claimant's attorney a reasonable fee for his services before the deputy.
It is so ordered.
DREW, C.J., and ROBERTS, O'CONNELL and ERVIN, JJ., concur.