WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which his claim for attorney’s fees made pursuant to section 440.34(1), Florida Statutes (1977), was denied. Claimant argues that the employer/carrier failed to pay his claim for total disability benefits within the required 21 days after receiving notice of the claim, and that because he was ultimately successful in prosecuting his claim, the employer/carrier are liable for his attorney’s fees. We agree and reverse the deputy commissioner’s order denying claimant’s attorney’s fees.
Claimant was injured on the job in 1978. He has been continuously receiving treatment for his injuries since that time. In July 1987, claimant's primary physician wrote the insurance carrier that claimant had a “10% permanent partial disability of the body as a whole” due to both his 1978 accident and a preexisting condition. In November 1987, a second physician treated claimant, and in a letter to the carrier this physician noted that claimant was “severely disabled both in his neck and his back and is not eligible for employment of any kind both because of his constant pain as well as because of the nerve root problems in his legs.” Neither physician noted specifically that claimant had reached maximum medical improvement (MMI). Claimant’s attorney filed a claim for permanent total disability benefits on 12/7/87.
In January 1988, the employer/carrier’s attorney wrote claimant’s primary physician and inquired as to whether claimant had yet reached MMI. The physician responded on 1/25/88, repeating his earlier assessment that claimant’s 1978 injury “resulted in a 10% permanent partial disability of the body as a whole with aggravation of a pre-existing condition as well.” He also stated that he was waiting until claimant had been evaluated at a pain clinic before he pinpointed the date on which claimant had reached MMI. Claimant was unable to attend his appointment at the pain clinic. The carrier did not pursue the matter fur *281 ther until it deposed claimant’s primary physician in March 1988. At this deposition, claimant’s physician stated that MMI had been reached on 11/25/87. He also stated that the suggested trip to the pain clinic was to help claimant deal with the constant pain he was going to continue to endure, and had not been intended to further improve claimant’s physical condition. Twenty-one days after the physician’s deposition, the employer/carrier finally accepted claimant as permanently and totally disabled.
On the date of claimant’s injury, section 440.34(1), Florida Statutes (1977), provided that:
If the employer or carrier shall file notice of controversy ... shall decline to pay a claim on or before the twenty-first day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the claimant shall have employed an attorney at law in the successful prosecution of the claim, there shall ... be awarded a reasonable attorney’s fee....
Under this provision, where it is shown that an employer ultimately voluntarily agreed to pay benefits, but did not do so within 21 days of the filing of the claim for benefits, and the claimant has obtained an attorney’s services to prosecute the claim, then claimant is entitled to an attorney’s fee. City of Miami Beach v. Schiffman, 144 So.2d 799, 802 (Fla.1962). This 21-day statutory period often begins to run when the employer receives notice that a claim for benefits has been filed. Latt Maxcy Corp. v. Mann, 393 So.2d 1128, 1131 (Fla. 1st DCA 1981). However, for the filing of the claim to trigger the notice provision of the statute, the claim must contain sufficient information to enable an employer to initiate an investigation. Id. Thus, “notice” of a claim for statutory purposes occurs when the employer first receives sufficient information on which it may begin an investigation. Once notice is received, the employer has both the right and the duty to make a reasonable investigation regarding the validity of the claim. Id. The burden is on the employer to exercise its right of investigation and the employer cannot escape liability for attorney’s fees by abdicating its duty to investigate. See Roberts v. Georgia-Pacific Corp., 394 So.2d 1093 (Fla. 1st DCA 1981).
Claimant had been providing the carrier with information on the permanency of his disability throughout late 1987 and January of 1988. Nevertheless, the carrier waited to accept claimant as permanently disabled until claimant’s physician testified in March 1988 that claimant had reached MMI. When considered in context with the prior information received by the carrier, the physician’s letter of 1/25/88 noting that claimant had a 10% permanent partial disability was sufficient notice to trigger the 21-day period. Although the carrier was informed in this letter that claimant was going to be seeking treatment for his constant pain, the carrier should have been aware by this point that such treatment was palliative in nature, and would not serve to remedy claimant’s permanent condition. A specific opinion as to date of MMI was not a prerequisite under these facts to trigger the statutory time period. Thus, the statutory 21 days began to run when the carrier received the physician’s letter of 1/25/88, and it was error for the deputy to find that the period did not start to run until claimant’s physician testified as to claimant’s MMI during his deposition in March 1988.
The order appealed is reversed and the cause remanded.
NIMMONS and ZEHMER, JJ., concur.