PATTERSON, Associate Justice.
This is an appeal from a judgment entered in the Circuit Court of Dade County ordering a retrial of appellee’s Workmen’s Compensation claim and awarding claimant an attorney’s fee.
Hearing was first had before a Deputy Commissioner on August 11, 1952 on a claim arising from an injury alleged to have occurred sometime between August 14 and August 17 of 1951. At the outset of such hearing claimant’s attorney stated into the record as follows: “The employee, Lucille Ponder, hereby makes claim against the employer” — etc. Counsel for the employer claimed ignorance of such an injury, but admitted knowledge of another injury to claimant on August 8 and payment to claimant thereon of compensation for two days’ disability, August 13 and 14. Thereupon claimant’s attorney introduced copy of affidavit by claimant, dated May 15, 1952 setting out the two separate injuries occurring on August 8 and on or about August 14th, respectively, which affidavit counsel announced had been filed with the employer. The record is not clear as to when such affidavit was filed with the Commission and the employer. Nevertheless, appellants here concede its receipt on or about May 16, 1952.
After the filing of such affidavit, hearing proceeded before the Deputy Commissioner. During the course of claimant’s evidence, attorney for employer stated into the record that the claim being heard was controverted. Such was the first and only *782 Notice of Controversy entered by appellants. Claimant’s evidence, in addition to the testimony of her attending physician, consisted only of her own account of her injury, in which she testified that her employer, through it's manager, had actual knowledge of her injury from the time of its occurrence. 1N0 objection was made at the hearing to presentation of employer’s evidence, nor was request made by appellee for a continuance- or- for leave to present further evidence to establish her claim.
At the conclusion of all the evidence the Deputy Commissioner denied the claim upon his finding that the employee “was not injured nor was she suffering from any injury as the result of an accident arising out and in the course of her employment * * * The order of the Deputy Commissioner was affirmed on review by the full Commission on authority of U. S. Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741 and Town of Crescent City v. Green, Fla., 59 So.2d 1.
On appeal to the Circuit Court, the Commission’s order of affirmance was reversed, a- new trial ordered, and claimant allowed an attorney’s fee for all services to that time. Claimant’s contention on review by the full Commission, on appeal to the Circuit Court, and on this appeal, is that claimant was not afforded a fair trial before the Deputy Commissioner in that the failure of the employer to file with the Commission its notice of controversy within 21 day's of knowledge of the injury as required by Sec. - 440.20(4) Florida Statutes 1951, F.S. A., the Workmen’s Compensation Act, and-in this case not until the hearing was in progress, misled claimant into the assumption that the validity of her claim would not be- contested at the hearing, with the result that claimant was not prepared to present corroborating evidence of various eye witnesses.
It was the Circuit Court’s view, based on the record before it, that the failure of the employer to file timely notice of controversy had induced claimant to enter the hearing in the reasonable expectation that her claim would not be contested by the employer and that therefore the need for calling additional witnesses and taking depositions of others in corroboration of claimant’s account of the occurrence of her injury could not reasonably be anticipated. Being of such view, the Court below concluded that the particular facts in this case justified granting to claimant another hearing.
, With respect to the first question presented by appellant, we are required to decide whether the record before the lower court showing such facts was sufficient to support its judgment ordering a new trial. And in deciding such question we are not governed by the same considerations applicable to the granting of a new trial by a trial court itself, but rather by those rules governing the proper scope of judicial review. We note here that the question before the lower court was not whether the evidence reasonably supported the Deputy Commissioner’s conclusions, but rather whether, under the circumstances, there was unfairness to the claimant in deciding her case upon the evidence presented.
The requirement of notice of controversy, which is the source of appellee’s dissatisfaction with the hearing afforded her, is found in Sec. 440.20(4), providing that if the employer controverts the right to compensation it shall, within 21 days of knowledge of the alleged injury, notify the Commission, on a form provided, of its intention to controvert the specified claim. It is nowhere provided that such notice is for the claimant's benefit, is in any sense a pleading, nor that its omission constitutes a default upon which the claim proceeds ex parte. The consequence of omission is found in the next following subsection (5) providing a ten percent penalty under the conditions stated.
Elsewhere in the Workmen’s Compensation Act are found provisions, wholly unconnected with Sec. 440.20(4, 5) above, setting out the scope and procedures of the initial hearing before the Deputy Commissioner. The Deputy Commissioner is not only authorized, but is charged with the *783 duty, to make a full investigation 'of the merits of the claim. Section 440.25 explicitly provides that the employer is an interested party, is entitled to notice, and is expressly given the right to be represented and to present evidence in opposition to the claim. It is manifest that its rights in this respect are not restricted by its failure to give the Commission a notice of controversy under Sec. 440.20(4). Therefore, the Deputy Commissioner did not violate any provision of the statute in allowing employer’s evidence at the héar-ing. Furthermore, in view of these provisions, claimant had no reason to expect, and small reason to hope, that her claim could be established ex parte. Having rested her case before the Deputy Commissioner and suffered an adverse result, she cannot now be heard to complain of unfairness under the facts of this case, particularly in view of the.fact that no objection was made at the hearing and no request made for an opportunity to -present further evidence. .
Although the Commission and the Courts are charged to construe and apply- the Workmen’s Compensation Act liberally, we find nothing unfair in the hearing afforded claimant, and to award to her a new trial is an indulgence not justified by the facts of this case.
The second question presented here questions the authority of the Circuit Court to award an attorney’s fee to claimant in advance of the successful adjudication of an award. Provisions' for attorney’s fees are, found in Sec. 440.34(1). It is there provided that claimant may be awarded attorney’s fees upon the successful prosecution of a claim or upon proceedings had for review. In each instance the attorney’s fee shall be paid in addition to the award of compensation. We construe this to mean that an award of compensation shall be a prerequisite to an award of attorney’s fees. No compensation has been awarded in this case. We therefore conclude that the Circuit Court was without authority to award attorney’s fees. We are not called upon to decide whether, 'in ¡a case such as this, the Court may fix an attor^ ney’s fee, conditioned to be paid should claimant later be awarded compensation.
The judgment appealed from is reversed.
TERRELL,, THOMAS, MATHEWS and DREW, JJ., concur.
ROBERTS, C.’ J., dissents.
SEBRING, J., not participating.