105 So.2d 574 (1958)
SUN INSURANCE COMPANY et al., Petitioners,
v.
George L. BOYD and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
October 10, 1958.
*575 Davisson F. Dunlap and Adair, Ulmer, Murchison, Kent & Ashby, Jacksonville, for petitioners.
John E. Mathews, Jr., E. Robert Miller, Jr., and McNatt & Mathews, Jacksonville, for George L. Boyd.
Burnis T. Coleman, Tallahassee, for Florida Industrial Commission.
DREW, Justice.
Petition for writ of certiorari was filed in this cause to review a decision of the District Court of Appeal of Florida, First District, 101 So.2d 419, denying certiorari in the case of a workmen's compensation award. This Court, on June 24, 1958, 104 So.2d 593, denied the petition for lack of jurisdiction under Article V, Sec. 4, of the Florida Constitution, F.S.A., and requested briefs on the question, presented for the first time by a motion in this cause, of awarding a claimant's attorney's fees for services in successfully resisting the application for the writ in such circumstances.
F.S. § 440.34, F.S.A., reads in part as follows:
"(1) * * * If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct."
From a superficial consideration of the matter there may be said to exist some doubt that this Court could exercise jurisdiction in the cause even to allow fees under the statute, for services of claimant's counsel in the proceeding here, in the face of its conclusion that certiorari must be denied under Article V, supra. The general principle that "Upon determining that it has no jurisdiction, the court * * * should, refuse to * * * determine other * * * rights of the parties" (21 C.J.S. Courts § 118) is fully answered by the elementary proposition that a tribunal always has jurisdiction to determine its own jurisdiction. State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175. Obviously when this Court makes a determination that the conditions essential to its exercise of jurisdiction under the Constitution do or do not exist, it thereby exercises an inherent power or jurisdiction. And, by invoking the statute to obtain fees under such circumstances, counsel is not in fact contending for an award of fees for services rendered in a proceeding over which the Court has no jurisdiction  but rather for services in connection with obtaining a determination of the preliminary issue which the Court certainly had jurisdiction to decide. 14 Am.Jur. 368; Abelleira v. District Court, 17 Cal.2d 280, 109 P.2d 942, 132 A.L.R. 715; Texas & P.R. Co. v. Gulf, C. & S.F.R. Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578; Knox County Council v. State ex rel. Kirk, 217 Ind. 493, 29 N.E.2d 405, 130 A.L.R. 1427, 1437.
*576 These proceedings were "had for review of * * * [the] compensation order" in this Court. So it is clear that the statute in express words authorizes this Court, in its discretion, to make a suitable award to the successful claimant's attorney; but even if the statute were doubtful or ambiguous such doubt or ambiguity would have to be resolved in favor of the conclusion we reach to properly effectuate the plain purpose and intent of the Workmen's Compensation Act.
Claimant's counsel is allowed $250 for his services in these proceedings.
TERRELL, C.J., and HOBSON and ROBERTS, JJ., concur.
THOMAS, J., dissents.