110 So.2d 385 (1959)
WICK ROOFING COMPANY, and Michigan Mutual Liability Company, Petitioners,
v.
Glenn D. CURTIS and the Florida Industrial Commission, Respondents.
No. 29622.
Supreme Court of Florida.
April 3, 1959.
Dixon, DeJarnette, Bradford & Williams and Paul A. Carlson, Miami, for petitioners.
Cosgrove & Rose, Miami, and Paul E. Speh, Tallahassee, for respondents.
THORNAL, Justice.
By petition for certiorari the petitioners, who were appellees in the District Court of Appeal, Third District, seek review of a decision of that court which allegedly conflicts with a prior decision of this court on the same point of law.
We are called upon to determine whether an appellate court is authorized to allow a fee for a claimant's attorney in a Workmen's Compensation case when the claimant takes an unsuccessful appeal.
In the instant case the employee Curtis claimed total permanent disability as a result of an industrial accident. The deputy commissioner determined that he had suffered a twenty per cent permanent partial disability. The ruling of the deputy was affirmed by the full Commission. Thereafter the employee sought review by certiorari in the District Court of Appeal. That court denied certiorari. 106 So.2d 641. From this summary of the proceeding it is clear that the employee did not receive all of the benefits which he claimed before the deputy commissioner. His efforts to *386 change the ruling of the deputy by his appeals to the full Commission and to the District Court of Appeal were unsuccessful. In the Court of Appeal the employee requested an allowance of fees for his attorneys who had represented him in the unsuccessful appeal. That court granted the request with the following order, to wit:
"The attorneys for petitioner, Cosgrove & Rose, have filed a petition for an order allowing and fixing attorneys' fee for the services of the attorneys for petitioner rendered in the cause in this Court and, upon consideration thereof, it is ordered that said petition be and the same is hereby granted, and the attorneys of record for petitioner, Cosgrove & Rose, be and they are hereby allowed $250.00 as compensation for the services of said attorneys in the cause in this Court, said sum to be paid to Cosgrove & Rose, the attorneys of record for petitioner, as provided by law within thirty (30) days from this date."
Review of the last quoted order is now sought.
Our jurisdiction is invoked with the contention that the quoted order conflicts with the prior decision of this court in Virginian, Inc. v. Ponder, Fla. 1954, 72 So.2d 781. We noted potential jurisdiction, issued the writ, and the matter has been heard on the merits.
In Virginian, Inc. v. Ponder, supra, the employee had been unsuccessful before the deputy commissioner and before the full Commission. His appeal to the Circuit Court, as was then the practice, resulted in an order of that court reversing the Commission and returning the matter to the deputy for a further trial on the merits. Sitting as an appellate court in the Workmen's Compensation matter, the Circuit Judge allowed the claimant an attorney's fee for all services rendered by his attorney up to that point. This order allowing the fee was reversed by this court with the observation that an award of compensation is a prerequisite to an award of attorneys' fees. It was held that inasmuch as no compensation had yet been awarded to the employee, the Circuit Court committed error in undertaking to award an attorney's fee. In other words, it was held that the Circuit Court, sitting as an appellate court, was without authority to award an attorney's fee to the claimant in advance of the successful adjudication of an award.
Making reference to Virginian, Inc. v. Ponder, supra, the petitioners here contend that inasmuch as the claimant was unsuccessful in his appeal to the District Court he should not be allowed a fee for his attorneys. Their position simply is that under the statute, which we shall quote, an allowance of an attorney's fee should accompany only an award to the claimant. Stated conversely, if the claimant appeals and fails, the petitioners assert that he is not entitled to the allowance of an attorney's fee.
Contrary to the position of the petitioners, the respondents take the position that the Florida Workmen's Compensation Act endows an appellate court with a discretion in the matter of the allowance or the increase of a fee for the attorneys for the claimant when a Workmen's Compensation matter is heard on appeal. They advance the point that the statute does not make the appellate fee contingent on success at the appellate level.
The statute involved is Section 440.34 (1), Florida Statutes, F.S.A., which reads as follows:
"(1) If the employer or carrier shall file notice of controversy as provided in § 440.20 of this chapter, or shall decline to pay a claim on or before the twenty-first day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the *387 award for compensation be awarded reasonable attorneys fee, to be approved by the commission which may be paid direct to the attorney for the claimant in a lump sum. If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct."
This court has consistently construed the Workmen's Compensation law liberally in order to accomplish the beneficent purposes and objectives implicit in legislation of this type. We have on occasions held that if the statute permits divergent interpretations, one of which is favorable to the employee and the other unfavorable, we will adopt the interpretation most favorable to the employee. Examining the last sentence of the quoted statute and applying the rule of construction which we have mentioned leads us to the conclusion that at the appellate level the court is allowed a sound judicial discretion as to whether attorneys' fees should be allowed to the attorneys for the claimant-employee even though he be unsuccessful on the appeal.
The petitioners here warn that such a rule would encourage frivolous appeals merely for the purpose of obtaining additional compensation for the claimant's lawyers. While this is a potentiality, we think the appellate courts are thoroughly competent to deal with any lawyers or claimants who file frivolous and baseless appeals for the sole and only purpose of obtaining fees. Moreover, in exercising its discretion we think the appellate court should impose upon an unsuccessful claimant-appellant a heavy burden to show the justification for the allowance of additional attorneys' fees under such circumstances. A similar rule has been applied in allowance of appellate attorneys' fees to wives who unsuccessfully seek review of divorce and alimony orders. No dire results have been the consequence. We also have the view that such a rule gives recognition to the policy of providing for the disabled employee a full measure of protection guaranteed by the Workmen's Compensation Law. This again has been the consistent policy of this court over the years. For example, only recently in Sun Insurance Company v. Boyd, Fla. 1958, 105 So.2d 574, we held that where a carrier had unsuccessfully sought certiorari in this court but was rejected because of our conclusion that we were without jurisdiction, nevertheless, the attorney for the employee was allowed a fee for services here on the theory that he was entitled to be compensated for successfully opposing the petition for certiorari. In the case last cited we again invoked the rule that any ambiguity in the Workmen's Compensation Law would be resolved in favor of the position of the employee in order to accomplish the purpose of the Act.
In Roberts v. Wofford Beach Hotel, Fla. 1953, 67 So.2d 670, we actually allowed a fee for the attorneys for the claimant on appeal in this court even though the appeal was unsuccessful in increasing the benefits awarded to the claimant by the Industrial Commission. On the matter of attorneys' fees and Workmen's Compensation cases generally see Cox v. State Industrial Accident Commission, 168 Or. 508, 121 P.2d 919, 123 P.2d 800, 159 A.L.R. 899; Ahmed's Case, 278 Mass. 180, 179 N.E. 684, 79 A.L.R. 669; Larson's Workmen's Compensation Law, Vol. 2, Sections 83.10-83.19; 58 Am.Jur., Workmen's Compensation, Section 554, p. 915.
Reviewing what we have pointed out above, we have the view that the order of the Court of Appeal, which was here subjected to scrutiny, does not conflict with Virginian, Inc. v. Ponder, supra, as contended by the petitioners.
In order to complete the disposition of the matter, we note that the respondent *388 Curtis has requested the allowance of an additional fee for his attorneys in defending against this petition. Consistent with the rule which we announced in Sun Insurance Company v. Boyd, supra, the attorneys for the respondent are entitled to a reasonable fee for services rendered in the instant matter. They are hereby allowed the sum of $200 in addition to any other amounts heretofore allowed.
Failing to find that the order of the District Court of Appeal, Third District, conflicts with any prior decision of this court, as contended by the petitioners, the writ of certiorari is hereby 
Discharged.
TERRELL, C.J., and THOMAS, HOBSON and O'CONNELL, JJ., concur.