PEARSON, Judge,
(dissenting).
The petition for certiorari filed in this cause sets forth several grounds and upon only one of these points do I differ with the conclusion reached by the majority of the court. It is my opinion that the full commission improperly affirmed the ruling of the deputy commissioner which denied the claimant temporary disability benefits during the time that his absence from work was made necessary by tri-weekly visits to the treating physician.
In order to properly present .my view of the matter it is necessary to briefly review the facts related thereto. The claimant was injured on April 13, 1957. He immediately made application for temporary partial disability and payments began. During the period of treatment, the claim *194 ant was referred, by his treating physician, to an orthopedic specialist. The necessity for this further treatment was communicated to the carrier and was subsequently paid for by the carrier. Upon consultation with the orthopedic physician the claimant was instructed that it would be necessary for him to appear at the offices of said specialist three times each week. The time set was 10:30 in the morning. The claimant requested an alternative time under the theory that he would like to work and that his compensation had been stopped. It appears without dispute in the record that this request could not be met because the doctor to whom he was referred could not treat him at other than regular office hours. The requirement that the claimant appear for treatment during regular office hours was of course entirely proper.
Claimant testified that he was unable to procure employment which would allow him to leave the job three times each week in the middle of the day. The deputy commissioner denied his claim for compensation payments for the period during which he was without employment because of the necessity of treatment. The full commission affirmed the finding. It is my view that the claimant was entitled to compensation for the period when employment was made impractical or impossible by reason of treatment necessitated by the accident.
The Workmen’s Compensation Law provides for compensation only where the necessity therefor is “because of the injury.” Section 440.02(9) Fla.Stat., F.S.A. This provision should, however, like other provisions of the Workmen’s Compensation Law be given a liberal interpretation in order to accomplish the beneficent purposes and objectives implicit in legislation of this type. Wick Roofing Co. v. Curtis, Fla.1959, 110 So.2d 385, 387. One cannot reasonably expect employers to keep upon their payroll workmen who must be constantly excused for medical attention. It will readily be seen that such a workman would be at a distinct disadvantage at the labor market. Therefore, I am of the opinion that claimant’s inability to work was a foreseeable and direct result of the injury which the workman had suffered.