PER CURIAM.
This is an appeal by Colonial Restaurant Corporation, d/b/a Ronnie’s Restaurant, appellant-defendant, from a final judgment entered in favor of the State of Florida Department of Commerce and the Trustees of the Florida Restaurant Self Insurers Fund, plaintiffs-appellees. The material facts, as reflected in the record of the proceedings below, are as follows.
On June 20, 1969, the then Florida Industrial Commission (now a division of the State of Florida Department of Commerce). entered an order declaring in part “that each and every employer who is a member of the Florida Restaurant Self Insurers Fund during any period between July 1, 1961 and December 31, 1966, be and hereby found to be jointly and severally liable for the assessments levied by the Board of Trustees”. The order was predicated upon the provisions of F.S. section 440.58, F.S.A., providing in part as follows :
“Upon petition of the trustees of the following self-insurers groups: * * * Florida Restaurant Association * * * the division shall enter its order requiring the employer members and former members of said groups liable therefor to pay all delinquent premiums and all necessary assessments, such payments to be paid to the division and by it disbursed to said trustees to be used for the payment of workmen’s compensation claims and related compensation expenses.”
The petition filed by the Board of Trustees of the Florida Restaurant Self Insurers Fund, upon which the aforementioned order was predicated, reflects that a meeting of all fund members was held in Orlando on April 15, 1969, at which time it was determined, among other things, “because of the insolvency of the insurance carrier which reinsured the said fund for the period from July 1, 1961 through December 31, 1966,' there are now insufficient funds available for the payment of claims for which the fund is liable based upon injuries occurring subsequent to July 1, 1961 and prior to January 1, 1967”. The petition further reflects that although the Commission had previously entered an order directing the payment of premium and *496 assessment balances due, the Trustees were unsuccessful in collecting sufficient monies to permit the discharge of all liabilities and that the trustees had “determined that it would be necessary to impose additional assessment to secure the necessary monies to permit the discharge of fund obligations on behalf of the members”. The petition additionally reflects that the agreement pursuant to which the self insurers fund was created and filed with the Commission in accordance with the provisions of Chapter 440 provided:
“2. That the Fund agreement filed with the Florida Industrial Commission and approved as set forth in Paragraph One (1) hereof, provides that the members of the Fund will jointly and severally covenant to assume and discharge, by payment, any lawful awards against any member of the group entered by the Commission and subsequently sustained by the Courts, wherein appeal is taken by either party. The indenture further provides that ‘the members of this Fund do jointly covenant and agree that they will pay any such award as would otherwise be a claim against the surety bond or government bonds above mentioned, as soon as the same shall become payable under the laws of the state of Florida”
At this juncture it should be pointed out that every employer within the provisions of the Workmen’s Compensation Law is liable for and must secure the payment for his employees for the compensation payable under the Act. The employer may discharge the responsibility of securing compensation either by obtaining appropriate insurance coverage or by becoming a self insurer (F.S. section 440.38, F.S.A.). The provisions of Chapter 440, as well as the rules and regulations promulgated thereunder, set forth the necessary prerequisites to becoming a self insurer. One such requirement pursuant to Rule 8AW-4.21, Fla.Adm.Code, is the filing of an indemnity agreement with the Commission executed by the members of such self insurer fund.[1]
Appended to the petition of the Trustees is an exhibit listing in excess of 200 members upon whom various assessments were levied for the years 1961-1966. An assessment of $8,779.43 was imposed on “Ronnie’s Restaurant & Coffee Shop”, member number 074 for the years 1961 through 1966. Based upon the order of the Commission entered on June 20, 1969, which was predicated upon the aforementioned petition, the plaintiffs filed a complaint on August IS, 1969, against the named delinquent members of the Florida Restaurant Self Insurers Fund in the amount and for the years named in the exhibit. The complaint which originally named “Larry Leckart d/b/a Ronnie’s Restaurant & Coffee Shop” alleged that the said defendant (and all other members of the self insurers fund named therein) had refused or failed to comply with the order of the Commission and requested the court to “issue a rule nisi directed to the defendants to show cause why writ of execution or other such process to enforce the terms of the order shall not be issued”. In addition, the complaint asked for costs and “reasonable attorneys’ fees”. The complaint seeking the issuance of a rule nisi was filed pursuant to the provisions of Section 440.24 relating to the procedure to be utilized in the enforcement of compensation orders. Subsequent to the filing of this complaint the court, pursuant to the joint agreement of the parties, entered an order dismissing the complaint insofar as it related to the defendant “Larry Leckart d/b/a Ronnie’s Restaurant & Coffee Shop”. Thereafter the plaintiffs moved to amend the complaint for the purpose of joining as a defendant “Colonial Restaurant Corporation d/b/a Ronnie’s Restaurant” which motion was granted by the trial court. Defendant filed a general denial of the allegations in the plaintiff’s complaint, further alleging *497 that “it was not a party to nor did it receive notice of proceedings for the Florida Industrial Commission which resulted in the entry of the order * * * and which the plaintiff seeks to enforce in these proceedings”. Defendant additionally filed a motion to strike the allegation relating to “reasonable attorneys’ fees” as well as defensive motions seeking to dismiss the complaint on the ground that it did not state the facts upon which any relief could be granted against that named defendant. Defendant’s defensive motions were predicated upon: the absence of any allegation of fact in the original or amended complaint pertaining to Colonial Restaurant upon which any relief could be granted against Colonial Restaurant; that Colonial Restaurant was not named as a party to the proceedings before the Florida Industrial Commission; that the trial court lacked jurisdiction to enforce the order; that the Florida Industrial Commission attempted to unconstitutionally apply the provisions of F.S. section 440.58, F.S.A., retroactively contrary to the requirements of due process and equal protection of the law; that the provisions of Section 440.58, if applied to Colonial Restaurant, constituted an impairment of the obligation of contract.
Hearings were held before the trial court at which time testimony was taken and exhibits introduced. Among the documents introduced was a certificate executed by the chief of the Bureau of Workmen’s Compensation, Division of Labor, Florida Department of Commerce, reflecting that the order of the full Commission dated June 20, 1969, was transmitted to “Ronnie’s Restaurant & Coffee Shop” by certified mail, with a return receipt.[2] In addition, plaintiffs introduced an affidavit filed with the Clerk of the Circuit Court of Orange County pursuant to the Fictitious Name Statute (F.S. section 865.09, F.S.A.) reflecting that Colonial Restaurant Corporation was doing business under the name “Ronnie’s Restaurant”. The affidavit reflects that it was executed on January 17, 1970, and filed with the clerk on September 24, 1970. The trial court entered a final judgment on September 24, 1970, finding that the court had jurisdiction over the parties and subject matter “under Section 440.24, Florida Statutes [F.S.A.]” and declaring that the plaintiffs were entitled to recover the $8,779.43 assessment together with attorneys’ fees in the amount of $3,073.00.
Defendant’s appeal is based primarily upon the same matters alleged in its defensive motions and can be condensed into two main points: (1) whether an assessment against a self insurer and the payment of attorneys’ fees in connection with the collection thereof may be enforced pursuant to the provisions of Sections 440.-24(1) and 440.34(1); and (2) whether the payment of such assessment and attorneys’ fees may be imposed upon a defendant who is not a party to the proceedings giving rise to the assessment.
As to the first point, a review of Sections 440.24(1) and 440.34(1) reflects that the provisions thereof are concerned with the enforcement of “any compensation order”, “payment of compensation”, or “award for compensation”. Compensation is defined in Section 440.02(11) as “money allowance payable to an employee or to his dependents as provided for in this chapter”. The introductory language to Section 440.24(1) provides that “in case of default by the employer or carrier in the payment of compensation due under any compensation order of a deputy commissioner or order of the full commission or other failure by the employer or carrier to comply with such order for a period of ten days after the order has become final” the circuit court shall have jurisdiction to enforce the terms of such order by the issuance of a rule nisi.
Under the applicable principles of statutory construction discussing the doctrines of “noscitur a sociis”, “ejusdem generis”, *498 and the use of disjunctive words, the phrase “or order of the full commission” inescapably relates to and is modified by “any compensation order” (see State ex rel. Wedgworth Farms, Inc. v. Thompson, Fla.1958, 101 So.2d 381). Therefore the enforcement of compensation orders, as set forth in Section 440.24(1) refers to the enforcement of “any compensation order * * * of the full commission”. The order in the case sub judice, upon which the final judgment was predicated, is not the type and character of an order capable of being enforced under the provisions of Section 440.24 and to that extent the contention of the defendant is correct. However, we cannot accept defendant’s contention that the plaintiffs totally lacked the authority to enforce such order or that a trial court would not have jurisdiction to enforce such order. We reach this conclusion based upon the general principles relating to the construction of workmen’s compensation acts. In 35 Fla.Jur., Workmen’s Compensation, § 9, pp. 387-388, it is stated:
“In order that the beneficent purposes and objectives implicit in the workmen’s compensation act may be achieved, it is to be construed broadly and liberally in favor of the claimant, with the interest of the working man foremost. Doubts are accordingly to be resolved in favor of the workman or claimant, so that its purpose may be fulfilled and the workman protected. If the act permits divergent interpretations, one favorable to the employee and the other unfavorable, the interpretation more favorable to the employee will be adopted * *
As previously pointed out the purpose for imposing the assessments in question was “the insufficient funds available for the payment of claims for which the fund is liable based upon injuries occurring subsequent to July 1, 1961 and prior to January 1, 1967”. Clearly the assessments were imposed for the protection and benefit of the employees of the self insurer. Moreover, it is not unreasonable to construe the “delinquent premiums and assessments” as being in the nature of a penalty within the meaning of Section 440.50(4), which provides that:
“All civil penalties provided in this chapter, if not voluntarily paid, may be collected by civil suit brought by the division and shall be paid into such fund.”
See F.S. section 440.51, F.S.A. See also 1 Fla.Jur., Administrative Law, p. 364, footnotes 11 and 12.
Assuming arguendo that the assessment is not in the nature of a penalty which can be enforced by the commission, we have been shown no authorities which would preclude the co-plaintiff, the Trustees of the Florida Restaurant Self Insurers Fund from enforcing the payment of delinquent premiums and assessments. On the contrary the rules adopted by the Commission as well as the terms and provisions of the indemnity agreement not only authorize but create a duty on the part of the trustees to enforce member delinquencies. For example, Rule 8AW-4.19, Fla.Adm.Code, relating to the Solvency of Group Self-Insurers Funds and Trustees Responsibilities provides, in part:
“(1) In order to insure the financial stability of the operations of each and every group self-insurers fund, the board of trustees of each fund shall be responsible for all operations of the fund. The board of trustees of each fund shall take all necessary precautions to safeguard the assets of the fund, * * * ”
The duty on the part of members of group self-insurer funds to pay such assessments is clearly evident from the language of Section 440.51 and Rules 8AW-4.14, 8AW-4.15, 8AW-4.17, 8AW-4.19, 8AW-4.20 and 8AW-4.21, Fla.Adm.Code, as well as in the fund agreement referred to in the petition heretofore discussed. Nothing could be clearer than the following language appearing in indemnity agree *499 ments required to be filed pursuant to Rule 8AW-4.21:
“That the members of the Fund execute a covenant or agreement whereby the Fund and each member thereof will jointly and severally covenant and agree to pay premiums and assessments * * *
“ * * * the members of said Fund, through their designated Trustees, have elected to comply with said conditions and become self-insurers * * * Ct * * ;fc
“ * * * The members shall make prompt payment of all premiums and assessments as required by the Trustees.
" * * *
“Any member who formally applies for membership in this Fund and is accepted by the Trustees shall thereupon become a party to this agreement and be bound by all of the terms and conditions thereof * *
It is an inescapable conclusion that when one becomes a member of a group self-insurers fund, by the very nature of his membership he agrees to comply with all provisions of the Florida Workmen’s Compensation Act, the rules and regulations of the department and the administrative rules, regulations and bylaws of the trustees. To permit an employer to avail himself of the beneficial aspects of the workmen’s compensation law whether by obtaining insurance coverage or by being a member in a group self-insurers fund, and at the same time avoid the duties and responsibilities of such participation would defeat the very purpose the Workmen’s Compensation Act was intended to serve.
“The purpose of workmen’s compensation acts is to provide for employers a liability that is limited and determinate, and to employees a remedy that is both expeditious and independent of proof of fault. They are thus mutually advantageous to workmen and employers, and have a stabilizing influence on business and the general economy.” 35 Fla.Jur., Workmen’s Compensation, § 3, p. 378.
We are of the view therefore that nonpayment of delinquent assessments may be enforced in the circuit court to the same extent as other delinquent compensation orders either by the commission pursuant to Section 440.50(4) or by the trustees in accordance with applicable rules of pleading and practice.
Although we are satisfied that such delinquent assessments may be collected, if proven, we find no authority within the provisions of Chapter 440, the rules and regulations of the commission or the indemnity agreement which would authorize the imposition, upon the delinquent member, of attorneys’ fees incurred in connection with such enforcement. Section 440.-34(1), referred to by the plaintiffs as the statutory basis for the awarding of attorneys’ fees, presupposes and is applicable to “an award or payment of compensation” as hereinabove discussed. In Green v. Town of Crescent City (1956), 1 F.C.R. 15, the Workmen’s Compensation Commission held that an employer was not liable for the payment of attorneys’ fees in connection with the collection of interest resulting from compensation wrongfully withheld and concluded, in part:
“Which leaves only the question of an attorney’s fee for collecting said interest. In Hardware Mutual Casualty Co. v. Carlton, Fla. [151 Fla. 238], 9 So.2d 359, the Supreme Court pointed out that liability of the employer and carrier for any fee for claimant’s attorney is solely by virtue of Section 440.34(1), added by amendment in 1941; and in Virginian, Inc. v. Ponder, 72 So.2d 781, this Court held that an award of 'compensation’ is prerequisite to an award of attorney’s fee * * *» (Emphasis added.)
See also Sullivan v. Mayo, Fla.App.1958, 106 So.2d 4.
We conclude therefore that Section 440.-34(1) does not support the award of attor *500 neys’ fees for the collection of delinquent assessments. It may well be that under the rules, regulations and by-laws of the trustees, members may be liable for costs in connection with nonpayment of assessments which would authorize the trustees to collect such amount in addition to the delinquent assessment. That question is not before us at this time nor do we pass upon the authority of the commission to reimburse specially retained counsel in connection with the enforcement of assessment orders.
 Having discussed the question relating to the collection of assessments and payment of attorneys’ fees we now turn our attention to the question as to whether the defendant, Colonial Restaurant Corporation, is liable for the assessment under consideration. As was observed, the assessment was originally imposed upon “Ronnie’s Restaurant & Coffee Shop,” and the affidavit in evidence clearly demonstrates that Ronnie’s Restaurant & Coffee Shop is a member of the Florida Restaurant Self Insurers Fund. As will also be observed, the affidavit filed pursuant to the Fictitious Name statute clearly demonstrates that Colonial Restaurant Corporation was at the time of the filing of such affidavit (September 24, 1970) doing business under the name “Ronnie’s Restaurant”. Although we take judicial notice[3] of the corporation records in the Secretary of State’s office, which reflect the chartering of Colonial Restaurant Corporation in 1955 and the filing of tax returns on behalf of such corporation during the succeeding years by Larry Leckart as president, we are unable to ascertain from the record below whether “Ronnie’s Restaurant & Coffee Shop”, against whom the assessment was imposed, was in fact owned by Colonial Restaurant Corporation during the years 1961-1967. The original complaint was against “Larry Leckart d/b/a Ronnie’s Restaurant & Coffee Shop” thereby perhaps indicating that he was the owner. While we do not deem the question of liability to be controlled by the fact that the Commission’s order referred only to “Ronnie’s Restaurant & Coffee Shop” (and not to Colonial Restaurant d/b/a Ronnie’s Restaurant) we are of the opinion that there are unanswered questions of fact raised by the pleadings regarding the relationship of Colonial Restaurant to Ronnie’s Restaurant & Coffee Shop during the affected years. We are, however, not persuaded by the argument that the retroactive assessment in any way constitutes an impairment of the obligation of contract. On the contrary, if Ronnie’s Restaurant & Coffee Shop was a member during the affected years and was during this period owned by Colonial Restaurant Corporation and Larry Leckart as its president was acting on behalf of such corporation during the affected years of membership,- the back assessments are consistent with the terms of the contract; for, as was pointed out above, members of a group self-insurers fund by the very terms of their indemnity agreement jointly and severally covenant and agree to “make prompt payment of all premiums and assessments as required by the Trustees”.
We therefore conclude that delinquent assessments may be enforced retroactively against members of self-insurers funds either by the Florida Department of Commerce or by the Trustees of such fund; that such assessments are not “payments of compensation” within the meaning of Section 440.24 or Section 440.34 so as to authorize an award of attorneys’ fees; that questions of fact remain unresolved so as to preclude entry of a judgment at this stage of the proceedings against the defendant, Colonial Restaurant Corporation.
Accordingly, the decision of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed.
CROSS, C. J., and REED and MAGER, JJ., concur.

. The application of such indemnity agreement to the case sub judice is more fully discussed at a later point in this opinion.

. See Martinique Hotel, Inc. v. Kasner, Fla.App.1963, 163 So.2d 68.

. See Schriver v. Tucker, Fla.1949, 42 So.2d 707; 2 Fla.Jur., Appeals, § 295.