252 So.2d 389 (1971)
DEEL MOTORS, INC., et al., Petitioners,
v.
DEPARTMENT OF COMMERCE of the State of Florida, and Edward L. Mead, et al., As Trustees of the Automotive Industries of Florida Self Insurers Fund, et al., Respondents.
No. P-31.
District Court of Appeal of Florida, First District.
September 21, 1971.
*391 Truett & Watkins, Tallahassee, for petitioners.
F. Perry Odom and N. Sanders Sauls, of Ervin, Pennington, Varn & Jacobs, Tallahassee, for respondents.
WIGGINTON, Judge.
Petitioners seek review by certiorari of a final order rendered by respondent, Department of Commerce of the State of Florida, Division of Labor and Employment Opportunities, which assesses against petitioners and other employer members of the Automotive Industries of Florida Self Insurers Fund certain specified sums of money representing their pro rata liability for earned premiums due for workmen's compensation insurance coverage afforded them by the Fund for the years 1963 to 1966, inclusive. It is contended that the order complained of is void and of no legal effect because (1) the proceedings conducted by respondent Department of Commerce, which form the predicate for the order, were conducted in a manner contrary to the requirements of the Administrative Procedure Act, F.S. chapter 120, F.S.A., thereby depriving petitioners of due process and equal protection of the laws as guaranteed by the state and federal constitutions; and (2) it is predicated solely and exclusively upon the purported authority granted by Chapter 69-106, Laws of Florida, 1969 (F.S. § 440.58, F.S.A.), which statute petitioners contend is unconstitutional, void, and of no legal support for the order here assaulted.
At all times material to this cause petitioners were engaged in various branches of the automotive industry in Florida. Prior to the year 1963 petitioners, together with other employers similarly engaged, created and became members of the Automotive Industries of Florida Self Insurers Fund. The purpose of this organization was to enable the employer members to pool their liabilities and qualify as self-insurers in accordance with the provisions of the workmen's compensation law of this state.[1] The agreement so entered into by petitioners was duly approved by the then Florida Industrial Commission which was charged with the duty of administering the workmen's compensation act of Florida.[2] The Automotive Industries of Florida Self Insurers Fund was administered by a board of trustees elected by the membership, whose duty it was to supervise the collection from the employer members of periodic payments in such amounts as were required to provide workmen's compensation coverage for their respective employees. The trustees of the Fund entered into an agreement with Robert F. Coleman of Florida, Inc., as its agent to service the claims of the members of the Fund arising under the workmen's compensation law of Florida. Robert F. Coleman of Florida, Inc., after having been approved as servicing agent by the Florida Industrial Commission, became insolvent, as a result of which the Fund was unable to pay the claims against it filed by employees of the Fund members for benefits accruing to them during the years 1963, 1964, 1965, and 1966 under the workmen's compensation law of this state.
In order to provide an effective procedure for servicing and paying the claims of employees against the employer members of the Fund, the Legislature of Florida enacted Chapter 67-606, Laws of Florida, *392 1967. This statute directs the Florida Industrial Commission, upon the receipt of a petition by the trustees of the Fund involved in this proceeding, to enter its order requiring the employer members of the Fund liable therefor to pay all delinquent premiums and all assessments which may be necessary for the payment of workmen's compensation claims and related expenses owing to the employees of the members.[3] The trustees of the Fund, in the discharge of what they conceived to be their proper function and duty, proceeded to compute the amount of assessments which would be required to be paid by each member of the Fund in order to permit the discharge of the Fund's outstanding obligations to the employees of its members for workmen's compensation benefits which accrued during the four-year period hereinabove stated. Each member of the Fund was notified of the amount of assessment levied against it, but when the payment of such assessments was not forthcoming within what the trustees felt to be a reasonable time, the trustees filed with the Department of Commerce their petition setting forth the assessments levied against all delinquent members of the Fund and the method by which the assessments were computed by them. By this petition the trustees prayed for an order requiring the employer members of the Fund to pay to the Department the assessments as set forth in the petition. A copy of the petition so filed by the trustees was served on each of the Fund members against whom an assessment had been levied, and the Department issued its formal written notice that a public hearing would be held by it at the time and place specified in the notice for consideration of the petition so filed by the trustees.
In response to the petition and notice, petitioners filed their formal written answers in which they severally denied that they were indebted to the Fund in any amount on account of claims filed by their respective employees for benefits under the workmen's compensation law during the years in question. In addition, petitioners denied the material allegations of the petition; denied that the board of trustees which was purporting to act in this matter was legally constituted and alleged that the actions taken by it in making the purported assessments against them were illegal, improper, and ineffective as a matter of law; and alleged that the assessments purported to be made by the trustees were inaccurate and incorrect and predicated upon an improper basis. As an additional affirmative defense, petitioners challenged the constitutionality of Chapter 67-606, Laws of Florida, 1967 (F.S. § 440.58, F.S.A.), under which the Department of Commerce now purports to act in ordering petitioners to pay the assessments made against them by the trustees herein. The hearing was held at the time and place set forth in the notice and was presided over by the Director of the Department of Commerce, Division of Labor and Employment Opportunities. After the meeting was called to order, the attorney for the trustees was invited to present the petition which formed the basis of the hearing. The trustees' attorney, without being sworn as a witness, made an oral presentation in which he explained to the hearing officer that the assessments set forth in the petition against the employer members of the Fund had been approved by the trustees and were due and payable. No proof was offered as to the correctness or validity of the underlying records from *393 which the assessments were computed. The attorney spoke of the determination made by the trustees of the deficit which existed in the Fund, the losses experienced during the four years in question, the premiums collected, the amount of reserves available for payment of claims, the amount of service fees incurred, and shortages experienced. At the conclusion of his informal presentation, the trustees' attorney respectfully requested the Department to enter its order directing the members of the Fund to pay the assessments levied against them by the board of trustees as set forth in its petition. Such informal statement by the trustees' attorney concluded their presentation of the petition filed by them. No witnesses were sworn, no testimony taken, no documents offered or received in evidence, and no proof adduced in support of any of the allegations of the petition. Counsel for the self-insurers who were present at the hearing challenged the legality of the proceeding because it had not been conducted in a quasi-judicial manner as required by the Administrative Procedure Act, F.S. chapter 120, F.S.A., and no proof had been adduced in support of the allegations of the petition which had been denied by the petitioners herein. Particularly, the petitioners demanded proof of the accounting procedures followed by the trustees and the records used in connection with such procedures in arriving at the assessments which the trustees purported to levy against petitioners. Petitioners asserted that the manner in which the hearing was conducted deprived them of due process of law and failed to meet the minimum requirements of the Administrative Procedure Act. At the conclusion of the objection made by petitioners' counsel to the conduct of the hearing, the meeting was adjourned and followed in due course by rendition of the order reviewed herein. By its order, the respondent Department of Commerce affirmed in all respects the assessments made by the trustees as set forth in their petition and directed petitioners and all other employer members of the Fund to promptly pay the amount of such assessments as shown on the individual statements of account which were attached to the Department's order and made a part thereof.
By the Governmental Reorganization Act of 1969, the functions of the Florida Industrial Commission theretofore existing under the provisions of F.S. chapter 440, F.S.A., were transferred to the Department of Commerce,[4] and its duties with respect to the administration of the workmen's compensation law were vested in the Division of Labor and Employment Opportunities of the Department of Commerce.[5] The Governmental Reorganization Act further provides that all executive departments of the government and units thereof shall be subject to the requirements of the Administrative Procedure Act, F.S. chapter 120, F.S.A.[6] This requirement has been held to specifically apply to the functions of the Department of Commerce in the administration of the workmen's compensation law of this state.[7]
From the foregoing it affirmatively appears that in administering the provisions of F.S. section 440.58, F.S.A., the Department of Commerce is statutorily required to comply with the provisions of the Administrative Procedure Act in the conduct of hearings to be held by it for the purpose of considering petitions filed by trustees of self-insurer groups in which it is prayed that an order be rendered requiring the employer members of such groups to pay assessments levied against them as determined by the trustees of the Fund. We now turn to the Administrative Procedure Act for the purpose of deciding whether the Department of Commerce, in the case sub judice, substantially complied with its requirements.
*394 Part II of the Administrative Procedure Act clearly directs that all proceedings conducted by any state agency, board, commission, or department for the purpose of adjudicating any party's legal rights, duties, privileges, or immunities, must be conducted in a quasi-judicial manner in which the basic requirements of due process are accorded and preserved. Such proceeding contemplates that the party to be affected by the outcome of the proceeding will be given reasonable notice of the hearing and an opportunity to appear in person or by attorney and to be heard on the issues presented for determination. It is contemplated that the order to be entered will be based on competent and substantial evidence adduced by the parties consisting of sworn testimony of witnesses and properly authenticated documents bearing the required indicia of credibility. The parties must be accorded the right to confront and cross-examine the witnesses against them, and be reasonably heard on the contentions urged by them with respect to the action to be taken by the agency. Although technical and formal rules of procedure which govern trials before courts of law are not applicable to administrative proceedings,[8] the pleadings must be such as to reasonably inform the affected party of the nature and purpose of the hearing to be held and the relief sought by the initiating party. Probative effect must be given to such evidence as would be admissible in civil proceedings in the courts of this state.[9] The final order entered in such proceedings must include the findings of fact on which the conclusions reached are based.
A review of the record before us reveals without serious dispute that the final order here reviewed is based entirely upon allegations of a petition, each of which has been specifically denied by the parties adversely affected by the order. Furthermore, such allegations are unsupported by any sworn testimony or any other proof offered and received in evidence at the hearing before the examiner. The Department accepted as true each of the allegations of the petition filed by the trustees without having before it the books, records, data, or other supporting documents on which the computations made by the trustees in arriving at the assessments levied by them were based. Petitioners were never afforded the opportunity of examining such records or challenging by competent proof the correctness or accuracy thereof. Because of the foregoing, we conclude that the proceeding conducted by the respondent Department of Commerce did not comply with the basic requirements of the Administrative Procedure Act in the respects hereinabove mentioned.
In reaching our conclusion herein, we have not overlooked the trail-blazing and well-considered decision rendered by the Fourth District Court of Appeal in the case of Colonial Restaurant Corporation v. State Department of Commerce.[10] That case, like the one sub judice, involved an order rendered by the Department of Commerce which found and determined that the members of a workmen's compensation self-insurers fund were liable for the assessments levied against them by the trustees of the fund for the payment of workmen's compensation claims and related expenses. Unlike the case now before this court, the Colonial Restaurant Corporation case did not involve the correctness vel non of the assessment made by the trustees against the members of the fund. In fact, the correctness of the assessments so levied in that *395 case was not an issue before either the trial court or the appellate court. Just what procedure was followed by the Department of Commerce in the rendition of its order affirming the assessments and levies made by the trustees in that case is not disclosed by the published opinion. It does appear, however, that after the members of the fund refused to pay the assessments for which they were found liable, the Department of Commerce sought judicial enforcement of its order by a complaint filed in the Circuit Court of Orange County. The only issues raised on the appeal challenged the procedure adopted by the Department of Commerce to enforce payment of the assessments levied against the fund members, and whether attorney's fees incurred in such enforcement proceeding should be paid by the members. The issues resolved in the Colonial Restaurant case are not present in the case sub judice and cannot form points of controversy between the parties herein, if ever they should, until after the correctness and validity of the assessments levied against petitioners have been properly adjudicated by respondent in a proper proceeding conducted by it in the performance of its quasi-judicial function.
The challenge to the constitutionality of F.S. section 440.58, F.S.A., raised by petitioners before the Department, has not been raised here so does not enter into our consideration of this review.
The order reviewed is accordingly quashed and the cause remanded for further proceedings by the Department consistent with the views expressed herein.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] F.S. § 440.57, F.S.A.

"The commission may, under such rules and regulations as it may prescribe, permit two or more employers to enter into agreements to pool their liabilities under this chapter for the purpose of qualifying as self-insurers and each employer member of such approved group shall be classified as a self-insurer as defined in this chapter."
[2] F.S. ch. 440, F.S.A.
[3] F.S. § 440.58, F.S.A.

"Upon petition of the trustees of the following self-insurers groups: * * * Automotive Industries of Florida, * * * who entered into agreements with Robert F. Coleman of Florida, Inc., as servicing agent, or any other self-insurers groups similarly situated, the division shall enter its order requiring the employer members and former members of said groups liable therefor to pay all delinquent premiums and all necessary assessments, such payments to be paid to the division and by it disbursed to said trustees to be used for the payment of workmen's compensation claims and related compensation expenses."
[4] F.S. § 20.17(4), F.S.A.
[5] F.S. § 20.17(8), F.S.A.
[6] F.S. § 20.04(5), F.S.A.
[7] John Gaul Construction Company v. Harbin, (Fla. 1971) 247 So.2d 33.
[8] DeGroot v. Sheffield, (Fla. 1957) 95 So.2d 912.
[9] F.S. § 120.27, F.S.A.
[10] Colonial Restaurant Corporation v. State Department of Commerce, (Fla. App. 1971) 248 So.2d 494.