PER CURIAM.
For use and benefit of Florida Plumbing and Mechanical Contractors Self-insurance Fund (herein referred to as the Fund), the Florida Industrial Commission (which has been succeeded by the State Department of Commerce, but will be referred to herein as the Commission), filed this action against numerous named plumbers and plumbing companies. In an amended complaint the plaintiff alleged creation of the fund under § 440.57 Fla.Stat., F.S.A., with a copy of the Fund contract attached, that the Fund obtained reinsurance from Florida Insurance Exchange to cover excess losses above stated amounts; that in 1967 the Florida Insurance Exchange had become insolvent and been so adjudicated and placed in receivership; that thereby the Fund had become “unable to meet its commitments to covered employees of the individual members of the Fund without the infusion of additional capital with which to pay claims”; that it became necessary for the trustees of the Fund to make an assessment against the (defendant) members thereof in order to raise money necessary to meet the obligations of the Fund and for it to continue to operate; that the assessment amounts for the several years involved were determined upon and apportioned to the members for each year (plus 30% to allow for costs of collection, and for uncollectable assessments); that a noticed meeting' of the members of the Fund was held by the trustees of the Fund, at which “those in attendance voted for assessments against all Fund members to the extent necesary to make up the deficits”; that thereafter all members for the years involved were so advised by the trustees by letter. The amounts of such assessments for the respective years were set out in the complaint, as was the apportionment thereof to the respective defendant members. It was alleged that certain such assessments to others (not joined) had been paid, and that assessments against certain persons had been determined to be uncollectable.
It was further alleged that upon nonpayment of the assessments by the defendant members, the trustees had applied to the Commission for an order of assessment against them, invoking § 440.58 Fla. Stat., F.S.A. which authorized the Commission to enter an order requiring the employer members and former members of the Fund who were liable therefor to'"pay all necessary assessments, with the payments to be made to the Commission and by it disbursed to the trustees to be used for payment of Workmen’s Compensation claims and related compensation expenses. It was alleged the Commission entered such order, and that copies thereof with bills for the assessment payments ordered therein were mailed to the defendant members, and that each had failed to pay the amounts so ordered to be paid by them.
By prayer, the plaintiff sought to collect through the issuance by the circuit court of a rule nisi (under § 440.24 Fla. Stat., F.S.A.), directed against the defendants to show cause why writs of execution or other process necessary to enforce the *920 payment order should not issue against them.
In addition, the plaintiff sought judgment against the defendants for the amounts as contracted to be paid, and plaintiff prayed for an allowance of attorney fees under § 440.34 Fla.Stat., F.S.A.
A rule nisi as applied for by the plaintiff was issued by the trial court. Two of the defendants filed answers. Five of the defendants separately moved to dismiss the amended complaint. The matter came on for hearing before the court on the rule to show cause, at which time the court heard and considered the motions to dismiss. The motions were granted and the cause was dismissed with prejudice. The plaintiff appealed.
This case is not distinguishable in any material respect from the case of Colonial Restaurant Corp. v. State Dept. of Commerce, Fla.App.1971, 248 So.2d 494. Therein the fourth district court of appeal held (1) that the provision for enforcement of a Commission order by rule nisi under § 440.24 was not applicable in this situation, as that section of the statute related to enforcement of orders for payment of compensation awards; (2) that the provision of § 440.34 for attorney fees was not applicable because that section had reference to allowance of a fee for an attorney for successfully prosecuting a compensation claim; and (3) that payment of such assessments were enforceable by the Commission or the trustees against the members of the Fund based on their contract obligation, and expressly by § 440.50 (4) Fla.Stat., F.S.A.
Availing ourselves of the benefit of the full discussion and reasoning of the court relating to those questions in Colonial Restaurant Corp. v. State Dept. of Commerce, supra, and on the authority of that case, we affirm the order of the trial court to the extent that it amounted to a rejection of plaintiff’s effort to enforce the Commission order , by rule nisi under § 440.24, and in rejecting plaintiff’s claim for attorney fees under § 440.34; but inasmuch as the complaint as amended set forth facts sufficient to state a cause of action against the defendants, we reverse the order of dismissal and remand the cause to the circuit court for further proceedings.
Affirmed in part and reversed in part and remanded.