QUESTION: What powers or duties of the Parole and Probation Commission relating to s. 945.30, F. S., and the $10 monthly payment for cost of supervision required thereunder of parolees and probationers have been transferred by Ch. 75-49, Laws of Florida, to the Department of Offender Rehabilitation?
SUMMARY: The power granted by s. 945.30, F. S., to the Parole and Probation Commission, to grant individual exemptions to parolees and probationers from all or any part of the $10 monthly contribution toward cost of supervision and rehabilitation required by s. 945.30, based upon the finding of the existence of one or more of the factors prescribed by the statute, is a quasi-judicial function of the commission. As such, it is within the quasi-judicial exception to the general transfer of the powers and functions of the commission made by s. 20.315(22), F. S., and was not transferred to the Department of Offender Rehabilitation; rather, it remains with the commission. Collection and accounting functions relating to the $10 monthly contributions have been transferred to the Department of Offender Rehabilitation. Section 945.30, F. S., which has been the subject of AGO's 075-19, 075-253, and 076-78, provides that "[a]nyone on probation or parole shall be required to contribute $10 monthly toward the cost of his supervision and rehabilitation beginning 60 days from the date he is free to seek employment." In addition, the section empowers the Parole and Probation Commission to grant individual exemptions from all or any part of the $10 contributions toward cost of supervision if it finds any of the factors prescribed by the statute to exist. See AGO 075-19 in regard to the granting of exemptions. Chapter 75-49, Laws of Florida (the Correctional Organization Act of 1975), transferred the powers, duties, and functions of the Parole and Probation Commission — except those of a quasi-judicial nature — to the Department of Offender Rehabilitation. Section 2 of Ch. 75-49 has been codified as s.20.315, F. S., and subsection (22) thereof provides: All powers, duties, and functions of the Parole and Probation Commission, except those relating to the exercise of its quasi-judicial duties and functions, as provided by law, are hereby transferred by a type four transfer pursuant to subsection 20.06(4) to the Department of Offender Rehabilitation. This transfer shall include all court-related investigations, all supervision of parolees and probationers, administrative support services, data collection and information systems, field offices and other programs, and services and resources of the commission which are not necessary for the immediate support of the commissioners. The commission shall retain 155 positions and may add, delete, classify, and reclassify such positions without Department of Administration approval during fiscal year 1975-76. The Department of Offender Rehabilitation shall perform statistical analysis, research, and program evaluation for the Parole and Probation Commission. There shall be only one offenderbased information and records system maintained by the Department of Offender Rehabilitation for the joint use of the Department of Offender Rehabilitation and the Parole and Probation Commission. The Department of Offender Rehabilitation shall develop, in consultation with the Parole and Probation Commission, such offender-based information system designed to serve the needs of both agencies. The Department shall notify the Commission of all violations of parole and the circumstances thereof. (Emphasis supplied.) In your letter to me, you stated that there "would appear to be no question that the supervision, collection and accounting of funds functions of the cost of supervision program would be transferred to the Department of Offender Rehabilitation." I agree. You then went on to state that the question you wish answered is whether the abovementioned power to grant individual exemptions from all or any part of the $10 monthly contribution toward cost of supervision required by s. 945.30, supra, remains with the Parole and Probation Commission. In Black's Law Dictionary, Rev. 4th ed., at p. 1411, the following definition of "quasi-judicial" is provided: A term applied to the action, discretion, etc., of public administrative officers, who are required to investigate facts, or ascertain the existence of facts, and draw conclusions from them, as a basis for their official actions, and to exercise discretion of a judicial nature. The above-quoted definition was adopted by the Florida Supreme Court in Canney v. Board of Pub. Instruction of Alachua County, 278 So.2d 260, 263 (Fla. 1973). Florida courts have also characterized a quasi-judicial function as one involving the adjudication of a person's legal rights, duties, privileges, or immunities. Bay National Bank Trust Co. v. Dickinson,229 So.2d 302, 305 (1 D.C.A. Fla., 1969); Deel Motors, Inc. v. Department of Commerce, 252 So.2d 389, 394 (1 D.C.A. Fla., 1971). In this instance, it is clear that the function in question does involve the adjudication of a person's legal duty, that duty being the $10 monthly contribution requirement imposed upon parolees and probationers by s. 945.30, F. S. Therefore, I am of the opinion that, under the above standards, the granting of individual exemptions to parolees and probationers from payment of all or any part of the $10 monthly contributions toward cost of supervision required by s. 945.30, F. S., upon the ascertainment of the facts and the finding of the existence of one or more of the factors delineated in that statute, is a quasi-judicial function. As such, it is within the quasi-judicial exception to the general transfer mandated by s. 20.315(22), supra, and thus remains as a function of the Parole and Probation Commission. Further reinforcing this conclusion is the 1976 Legislature's passage of Committee Substitute for Senate Bill 925 (Ch. 76-238, Laws of Florida), amending s. 945.30. This most recent legislative enactment regarding the $10 monthly contribution requirement continues to provide that it is the commission that is empowered to grant the exemptions if the commission finds any of the specified factors to exist or if the commission finds other extenuating circumstances to exist. I must conclude that, had such granting of exemptions been transferred by Ch. 75-49, supra, then the 1976 Legislature, in amending s. 945.30, would have amended the repeated references to the commission in s. 945.30 to read "Department of Offender Rehabilitation." It is a fundamental, long-standing rule of statutory construction that it is to be presumed "that the Legislature, in enacting a statute, acted with full knowledge of existing statutes relating to the same subject." Tamiami Trail Tours v. Lee, 194 So. 305, 306 (Fla. 1940). In accord: Ervin v. Capital Weekly Post, 97 So.2d 464, 467, 469 (Fla. 1957); Collins Investment Co. v. Metropolitan Dade County, 164 So.2d 806, 809
(Fla. 1964); Dickinson v. Davis, 224 So.2d 262, 264 (Fla. 1969); and City of Punta Gorda v. McSmith, Inc., 294 So.2d 27, 29 (2 D.C.A. Fla., 1974). You also asked me to comment on whether this holding would "apply equally to parolees, probationers, and individuals on Mandatory Conditional Release." The only comment I find necessary to make here is that s. 945.30, F. S. — the statutory source of authority for the $10 payments — is addressed specifically and equally to both parolees and probationers. I find no mention anywhere in s. 945.30 of "individuals on Mandatory Conditional Release." Therefore, the last-named individuals are excluded from the operation of s. 945.30. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974). Also see AGO 075-253, noting that there must exist some basis in the statute for the exercise of authority on the part of an administrative agency (to collect the contributions toward cost of supervision or to exempt individuals from payment of such contributions), and if there is any reasonable doubt as to the statutory authority, the commission should not undertake to exercise it, citing State ex rel. Greenberg v. Florida State Bd. of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, Florida State Board of Dentistry v. State ex rel. Greenberg, 300 So.2d 900 (Fla. 1974).