WENTWORTH, Judge.
Employer/carrier appeal a workers’ compensation order by which claimant was awarded further medical examination and treatment. We conclude that the deputy erred in striking employer/carrier’s defense of “no causal relationship,” and we accordingly remand the order appealed.
Claimant allegedly sustained an industrial accident, with injury to her back, in August of 1979. Medical treatment was provided until January of 1980 when claimant’s physician released her from medical care. In June of 1981 a claim was filed requesting additional medical treatment, and application for hearing was made in October of 1981. The hearing was held in January of 1982, at which time employer/carrier controverted the claim for further medical treatment, contending that claimant’s present complaints are not causally related to her industrial accident. Counsel for claimant did not object or seek any continuance, but the deputy nevertheless disallowed employer/carrier’s defense since it had not been previously raised and a formal notice to controvert had not been filed.
Section 440.20(6), Florida Statutes, requires that a notice to controvert be filed “on or before the 21st day after ... knowledge of the alleged injury .... ” Section 440.20(7) provides a “10% additional payment” penalty assessable upon an employer/carrier’s failure to timely file a notice to controvert; section 440.20 does not, however, authorize the deputy to strike an employer/carrier’s defense as a consequence of failing to timely file a notice to controvert. See Virginian Inc. v. Ponder, 72 So.2d 781 (Fla.1954). While a deputy commissioner is not bound by technical or formal rules of procedure, see § 440.29(1), Florida Statutes, and may “do all things conformable to law which may be necessary” to effectively discharge the duties of the office, see § 440.-33(1), Florida Statutes, these provisions do not authorize the deputy to strike employer/carrier’s defense in the circumstances of the present case. Although employer/carrier did not timely file a notice to controvert, it was nevertheless incumbent upon claimant to prove entitlement to the requested benefit, including the necessity of establishing a causal relationship between her present complaints and the industrial accident. In the circumstances of this case the deputy exceeded his authority in striking employer/carrier’s defense.
We remand the order appealed for the deputy to conduct further proceedings and consider the issue of causal relationship between claimant’s present complaints and the industrial accident.
McCORD and BOOTH, JJ., concur.